action.' Calloway v. Ford Motor Co., 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). "State v. Woodridge, 357 N.C. 544, 549 (2003). And we have a great and good Judge Jose Rodriguez on video in court saying he can't change another Judges Order See Exh .(D1.2.3.) but Judge Valerie Manno Schurr Changed Judge Zabel's Order from Dismissed with Prejudiced to Dismissed without Prejudice using trickery and Fraud by judge erasing Judge Zabel's signature and printed name off the judgement we prepared for Zabel and  signing the Order over again with her signature that we prepared for Judge Zabel to sign and we saw Zabel sign that Dismissal with Prejudice that Mack Wells prepared  see Affidavits of Maurice, Mack Wells, James Buckman Exh.(E1.2.3) by erasing Judge Zabel's Signature and name and putting Judge Valerie Manno Schurr's name on it, a judge we have never met, never was assigned which was put on the Docket in 2009to us, and a Judge we had never had a hearing Prejudice Judgement which was put on the Docket in 2009 for her yet she had the exact same Judgement with the same letter fonts that we used and the same missed capitalized letters we did on Judge Zabel's Order and Judge Valerie made it her business to have her Order put on the Docket exactly one year to the Month and day of Judge Zabel's Order that we prepared but instead of our year 2009 Judge Valarie put her year as 2010 then they took off the way to view the DOCUMENT on the Docket so that only Judge Valerie's fake Document could be viewed so that we wouldn't notice the change in the Dates Rule 60 (c)

(1)(2)(3) 60 D (1and2) we had to be personally Notified for them to grant relief from the final Judgement of Dismissal with Prejudice under Federal Rule 28 U.S.C. subsection 1655 Rule 60 C (1)(2)(3) says A 60 B motion must be done within one year of the judgement which is why Judge Valerie Manno Schurr had to do another Dismissal with Prejudice in 2010 because Judge Zabel's Order was for 2009 which meant U.S. Bank had to do a Rule 60.B to get a judgement changed so Judge Valerie had to put in her dismissal with Prejudice so that they would be on time for their 60.B attempt to change Judge Zabel's Dismissal with Prejudice but Rule 60.C (1)(2)(3) said that the Defendants need to be notified of all hearings which they deliberately did not do for this secret Ex Parte hearing motion they had to do to dismiss the Case but without Prejudice (Note) according to Fl. Stat. Plaintiffs only real remedy is to Appeal. Yet Judge Valerie Manno Schurr allowed an Illegal Ex Parted hearing so that she could Dismiss the Case but without Prejudice so that US Bank could without notice to us as they did, see the beginning of the 2010 Docket to Foreclose on us again Fraudulently.

And Judge Valarie Manno Shurr is a Judge we had Never met or had a hearing before but because Judge Valerie got $995,000 plus $91,000 Etc. to do a Judgement of Dismissal with Prejudice to change it to a Dismissal without Prejudice to circumvent the Rule that says a Circuit Judge can't change another Circuit Judge's Order and to put U.S. Bank back within the time limit of Judge

Zabel's Order using her own New Oder over a year later to put back in the time

limit range and then 3 months later did and illegal Ex Parte hearing to change

Judge Zabel and her own (Judge Valerie's) Order from Dismissal with Prejudice to

Dismissal without Prejudice what a great maneuver! and US Bank never Appealed

both the Judge's Orders within 30 days as required by Fl. Stat. ( 9.110 (c), But

Judge Valarie specifically said in her JUNE 2010 Order to Dismiss without

Prejudice " So that  US Bank will have the right to FORCLOSE" Exh. F. which

they did in December 2010 six months later all in secret from us as Defendants,

using an illegal Exparte Hearing with US Bank's Attorneys without us the

Defendants there in violation of  Fl. Stat. 702.07, which says only Defendants can

have Ex Parte HEARING and Fl. Stat. 60 C. (1)(2)(3) which says that Defendants

must notified of any Hearing. But Judge Valarie broke the Law secretly to save

Judge Zabel, the Attorneys and US Bank. Giving the new 2010 Case to Judge

Schlesinger who has the worst of all the Conflicts of that I have found out about.

Because in his 2016 and 2017 Form 6 Financial Statement Affidavits of the months

of our Trial against US Bank got over 16, million twice from US Bank, GMAC

owner and Servicer to US Bank, Exh. ( I1.2.3.), Morgan Stanly which US Bank

Exh. (J1.2.3.), First Citizens Bank, Exh. (K1.2.3.) and Evensky and Katz who work

for and advise for US Bank  see Exhs. (L1.2.3.). Judge Schlesinger all while

presiding over our Case has made millions and millions of dollars from US Bank

and it's Partners there was and is no hope to win against the MORTGAGE

BANKSTERS when these JUDGES are their MONEY MAKING PARTNERS.

Our hope is actually LOST especially when you prove you were making all

payments on time Exh ( M1.2.3 ) and can actually show that U.S. Bank is owed

nothing by us and can actually show that the Edgar Report from the S.E.C. actually

shows that U.S. Bank has no Axiom Notes in its Pool of Notes on the Market and

that the Cupisone Expert Licensed by the S.E.C its self report says that Fidelity

Strategic Mutual Funds bought 0UR Leroy Williams  Axiom  Financial Services

Note from Axiom Bank in 2005 and it owns the Note on the Market until this day!

And when you can actually show they started this whole Foreclosure with just a

Lis Pendence in the Docket 2007 case 12407-CA01 and with no written Complaint

but just a Lis Pendence WHICH IS ONLY A ONE PAGE ANNOUNCEMENT to

the Complaint and without a Certified Copy of the Promissory Note, no Allonge,

no Certified Copy of a Mortgage, and no Certified Copy of an Assignment of the

Mortgage in violation of Fl. Stat. (702.015 (2))  Judge Zabel actually signed a

Foreclosure Judgement and Sell without the Original Note and Allonge as required

and by which is an actual Felony according to Fl. Stat. (702.015(4))  yet they are

just taking the house with Mumbo Jumbo and until this day have never brought in

the Original Note, Allonge and Certified copies of the Mortgage and Assignments

from 2007 and 2010 and until this case in 2021 they have never produce the

Original Note and Allonge and their seeking to talk this Judge into allowing them to Dismiss this Quite Title Case without having to show extrinsic evidence and full chain of title that they own the Note According to Fl. Stat. 65.021 65.061(1) (2) (3) (4) and instead of all the B.S. and technicalities by saying that this is case is Res Judicata knowing that a nonparty to a Case is not bound by the Judgements of Case so because I was not a party to the 2007 and the 2010 Case, Exh. N and O. I have the right to bring my own Quite Title Case against US Bank, Fl. Stat. 65.041 they don't want to bring in the Originals because Allonge to the Note because the Allonge is signed by the Assistant Secretary and in violation of Fl. Stat.692.(3) (4) and Fl. Stat. 695 which says only a President, Vice President or a Executive Director can sign an Allonge or an Assignment to Convery Property Which could lead to Litigation Fl. Stat. 692. (01) a secretary can only sign an Assignment for a Church but cannot sign for a Bank or a Corportation to convey property which might end up in litigation, Fl. Stat.692.(3) (4). The sad thing is this fake Allonge is signed by the Assistant secretary who was no standing at all to sign Exh. (F1.2.3.) the Allong also has no printed name under the Endorser or signer of the Allonge in violation of Fl. Stat. FANNIMAE RULE (B8-3-04) and this is a Fannie Mae Loan as stated at the bottom of the Mortgage and Note. The Allonge has no Loan Number, no date and is totally unattached from the Note in violation of Fl. Stat. (702.015(4) and 4th DCA in Purificaficato Vs Nation Star Mortgage LLC.

Exh. 89 pg. 9

Paragraph 1 and 2. The Assignment of Mortgage to U.S. bank was done Feb. 14

2008 but the Foreclosure was started in 2007 in case number 2007-12407-ca01

almost a year before the Assignment and Mclean v. Jp Morgan says you cannot

Foreclose, Sale or Assign a Note before you own it and that Problem cannot be

fixed in abnitio which means it cannot be fixed or back dated and also note this

Assignment was done without a Preparer in the left upper corner in violation of Fl.

Stat. 695.01 (1) AND FL Stat. 695.26 (1) (a) and Fl. Stat. 494.007 (5) and F. Stat.

701.02 91)(2)(3) (  ) and the Assignment has no Notary Seal and Commission

Number in violation of (Fl. Stat. 117.05 ) (b) 1.a.b.c.d.e.  and the 2008 Assignment

is from Homecomings Bank and they admitted in a Corrective Assignment way up

in 2012 that Homecomings is the incorrect Bank and Erroneous. And the fake

Corrective Assignment that Crushes Homecomings also crushed the Axiom Bank

Assignment because it had no witnesses in violation of (Fl. Stat. 117.05 ) (b)

1.a.b.c.d.e.   and no Notary, no seal and no Commission number as required by Fl.

Stat 117.05 93)(A) and Fl. Stat.695.26 (1) and no preparer in the upper left corner

as was done in 2012 for the Complaint that was started in 2012 as complaint for

JP.Morgan and all pushed by Judge Valerie Manno Schurr, Judge Schlesinger,

Judge Veronica Diaz, Judge De la O and whom all these Judges had the exact same

horrible Conflicts of Interest making money with the banksters who are stealing

our Property Exh. (G1.2.3.) see Rico and all the Judges getting paid to steal our

property and in the end to clean it all up I finally met Judge Valerie Manno Schurr the ghost Judge who we have never met who started this mess now shows up for my quiet Title lawsuit to finish me off ten years later but when I pointed out that she for no reason did a dismissal with Prejudice to help Judge Zabel a year after Judge Zabels Dismissal with Prejudice to change Judge Zabel's Dismissal with Prejudice to our FAKE Dismissal without Prejudice to give the bank the right to Foreclose and that she Received $995,000 plus $91,000 plus a Mortgage plus $2.4 Million Mortgage plus $1mill plus $400,000 Ext between 2008 and 2010 according to her Form 6 Financial statements from the state of Florida see Exh. (DD) 12345and she exclaimed loudly on the Zoom Camera that she did not do those Orders and did not Receive that money and then I showed her the two Orders and the three Form 6 Affidavits starting with the $995,000 dollar one and she sighed And said oh my ad said I'll give you 10 days to figure out what you want to do mr symonette I paid for this to go on several Newspapers and radio stations and im getting thousands and thousands of calls from people who see me at the Rallies with Blacks For Trump T-shirts with gods2.com on the bottom and one of the first things they see is that article and her video 2 days later on a Sunday Judge Valerie Manno Schurr the haughty one immediately recused herself in shame thereby admitting she is guilty of helping the Bank for money which is a drastic Conflict of Interest and so therefore her Order to dismiss without Prejudice must be voided

and Judge Zabel's Order must stand who dismissed the case with Prejudice especially after seeing the Teaparty and all of the Republicans come to Protest the Illegal Foreclosure all because we were Black Republicans and was pointed out to her by a Tea Party Lawyer that she signed a Judgement or Foreclose without a Complaint or an Original Promissory Note, And Because Judge Valerie Manno Schurr Recused herself. Rule 1.540 (b) says (2) Newly discovered Evidence (3) Fraud and Misconduct (4) Judgment Order is void; (5) Take the case back to the Prior Judgment (Judge Zabel's last Judgment of Dismissal with Prejudice decree, order, oF proceeding for the following reasons:


(2) Newly discovered evidence (we discovered her Form 6 Full and Public Disclosure of Financial Interest and the Partnerships and ownerships of the Banks involved to work the Conspiracy by giving Judge Valerie Manno Schurr gifts of Monies to take the property from the Homeowners which by due diligence could not have been discovered in time to move for a new trial or rehearing; because we just got the records from the State.

(3) This shows Misconduct and Fraud by showing that in 2008 on the Docket Mack Wells finally put in a Motion to Dismiss with Prejudice because Lawyers wouldn't follow the Judges Orders to bring in the Note Exh. (C) we also saw that Judge Zabel did a Dismissal with Prejudice in 2008 and three witnesses with

Affidavits have sworn to have seen this and it was on the record with Judge Zabel's signature that we typed up saying the case is dismissed with Prejudice 04/07/2009 as indicated on the Docket of which I now have the Red stamp Certified Copy of the Docket see Exh. (C) line number (10) and we now found Fraud and Misconduct using Horrible Conflict of Interest in violation of Fl. Rules 2.160 That in 2008 Judge Valerie Manno Schurr received $995, 000 on her Form 6 Full Public Disclosure of Financial Interest $91,000 from GMAC and $129,000 from Well Fargo That's Partners with GMAC and U.S. Bank  Exh.(DD) on her Form 6 Full and Public Disclosure Of Financial Interest line number (5,6, and 7) B. Judgment Order is Void because in 2010 on the Docket Judge Valerie Manno Schurr whom we have never seen put   (Changing Prior Judgment) in the same Dismissal with Prejudice with our typing but with her name and signature and the Judge that Dismissed the Case with Prejudice Exh. (F3) as seen on the Docket line (11) this was done because the Law says that no Judge of the same Circuit Court can change the Order of the Judge in the same Circuit Court (Ford Motor Co. V, Calloway). so she made her own order that did not Change Judge Zabels Order exactly one year after Judge Zabels same Dismissal with Prejudice hoping we would not check this, so that she can then therefore only her Order and get paid to change her own Order so that it wouldn't be Criminal. This was done to Save Judge Zabel, the Lawyers and U.S. Bank/GMAC BANK from being caught and

Exh 4N

Pg 13

the Conspiracy to steal the property concerning Judge Zabel doing a Judgement against Homeowners without an actual Complaint or Certified Copies of the Note, Allonge, Mortgage and Assignment or as Florida Statues states: No Judgments should be rendered until after the Original Copy of the Note Allonge, Mortgage and Assignment and other Docs on the record yet they did that while the Homeowners where making payments to Axiom Bank on time this is a Felony and a Conspiracy. Because at the time during Judge Valerie Manno Schurr Dismissal with Prejudice Judge Valerie Schurr received from Wachovia, Bank of America $650,000 line (9) as seen on her form 6 Full and Public Disclosure of Financial Interest those Banks are Partners with U.S. Bank and GMAC see Exhs.  (EE) and she received $128,000 from Wells Fargo and $410,000 from GMAC the Fake Servicer of the Homeowner's Note. It is in no wise over broad unduly burdensome or ambiguous considering the fact that U.S. Bank does not have the Note so how could they possibly Foreclose on the Property, and with that if it is why is there a Rule (1.540 (b)) that says that if The Judge recused herself any Judgements or Orders that they put in are void? Then without notice to the Homeowners knowing that because we knew the case was Dismissed with Prejudice and that we would no longer check on Court Records to find out that Judge Valerie Manno Schurr had a private secret Ex Parte Hearing with U.S. Bank's Lawyers and changed her ( Judge Valerie Manno Schurr's)  Order which illegally and effectively changed Judge

*Exh. 4A*

*Pg. 14*

Zabel's Order from Dismissal with Prejudice to Dismissal without Prejudice to give see Docket Case number 07-12407-CA-01 line (14) of the Docket and Exh.(F and F2) 08/25/2010 U.S. Bank the right to file another Foreclosure Lawsuit against the Homeowners all without their knowledge as seen on a 2010 61928-CA-01 prosecuting the same case that was Dismissed with Prejudice of which we found out by mistake that there was another Foreclosure Suit against the property. And after 2010 Judge Valerie Manno Schurr did this she suddenly has $1,000,000 from City National Bank, Wachovia, Bank Of America which are all Business Partners of U.S Bank and GMAC Bank see Exh.(FF) line (7) she indicates another $400,000 from GMAC the Fake Servicer of the loan and part of the Conspiracy to steal the property and get out of trouble from Federal S.E.C Fraud and crimes against the Court and the property owner to hide the MERS Fraud of lying about selling Notes on the Market as proven by the Cusipone Expert's Affidavit showing that U.S. Bank National Association As Trustee never had any ownership of the Leroy Williams Mortgage because Axiom Bank sold the Note to Fidelity Strategic Fund which is on the Market until today, Exh.(A) and when you do the SEC Edgar Search under US Bank National Association as Trustee there is no Axiom Note in their Pool of Notes Exh. (ZC and J).

(4) AND (5) ALL OF JUDGE VALARIE SHURRS ARE VOID AND MUST REVERT TO THE ORIGINAL DISMISSAL WITH PREJUDICE

Judge Valerie Manno Schurr admits to these crimes by Recusing herself from Maurice Symonette's case who asked her to Recuse for Crimes misconduct and Conflicts of Interest see Exh. (FFF). According to **Rule 1.540 (b) (c) (d) (e)** That the judgment, or order has a prior judgment of Dismissal with Prejudice on the Docket of Case Number 07-12407-CA-07 line (10 and 11) and that Judgment of Dismissal with Prejudice must be returned to Dismissal with Prejudice and void or strike the 2007-12407-CA-01 and 2010-61928-CA-01 case because Judge Valerie Manno Schurr recused herself because I brought this to her attention that she did this Crime and Scheme. this title must be cleared and also because she did not default them when it took them 6 months to answer my Lawsuit that must be Defaulted but wasn't Defaulted because Judge Valerie Manno Schurr helped them because City National Bank gave her $400,000 which is business partners with U.S. Bank, GMAC, Royal Bank of Canada, Wachovia and Wells Fargo are all Business Partners and one big happy Family this is a Horrible Conspiracy and Conflict of Interest to steal Property from helpless Black People this is Racism and Discrimination in the utmost . So I say to all righteous Judges left COME OUT OF HER MY PEOPLE AND BE NOT PARTKERS IN HER SIN (SIN IS THE TRANSGRESION OP THE LAW) AND SAVE YOURSELF BECAUSE KING CYRUS (TRUMP) IS HERE TO DESTROY THE MORTGAGE BANKSTERS,

CYRUS (TRUMP) IS HERE TO DESTROY THE MORTGAGE BANKSTERS, AND THIS WILL BE IN ALL NEWS  REV. 18:1-8, ISA. 45. AND NEHIMIAH 5:1-16. SEE GODS2.COM

## PRAYER

So therefore I demand that this case be Reconsidered from the beginning of this case until today specifically from the Ghost Judge whom at the time between 2007 when she first became a Judge until 2020 we had never met or had a CASE OR HEARING  Judge VALARIE MANNO SHURR'S first Dismissal Without Prejudice back to Judge Zabel's first Dismissal With Prejudice  this case must be Defaulted and Returned to Dismissed with Prejudice

Maurice Symonette

15020 S. River Dr.

Miami Fl. 331

Filing # 146750392 E-Filed 03/30/2022 05:08:36 PM

*Exh. 90*
*P.1*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3

GENERAL JURISDICTION DIVISION

Case No. 2010-61928-CA-01

        Plaintiff,

vs.

Leroy Williams; et al.,

        Defendants.

_____/

## PLAINTIFF'S MOTION TO RESET FORECLOSURE SALE

    Plaintiff, U.S. Bank, National Association, as Trustee for RASC 2005AHL3, by and through its undersigned counsel, hereby files this Motion to Reset Foreclosure Sale and in support thereof states as follows:

    1.    On December 19, 2017, this Court entered a Final Judgment of Foreclosure pursuant to which a foreclosure sale was scheduled for January 30, 2018.

    2.    The January 30, 2018 sale was canceled and pursuant to the Order on Defendant's Motion for Emergency Hearing to Vacate Sale and Defendant's Motion to Vacate Sale the foreclosure sale was rescheduled for March 19, 2018.

    3.    The March 19, 2018 sale was canceled as Defendant Kurt Marin and Symonette Limite Partners filed bankruptcy. The automatic stay no longer applies because the bankruptcy was dismissed.

    4.    On September 11, 2018 this Court entered an Order Granting Motion to Reset Foreclosure Sale pursuant to which a foreclosure sale was scheduled for November 13, 2018.

    5.    The sale was held on November 13, 2018 but was later vacated as Defendant Mack Wells filed bankruptcy on the morning of November 13, 2018. The automatic stay no longer applies because the bankruptcy was dismissed.

    6.    On February 25, 2019 this Court entered an Order on the Plaintiff's Motion to Reset Foreclosure Sale pursuant to which a foreclosure sale was scheduled for April 16, 2019.

Case No. 2010-61928-CA-01

File # 13-F02868





Exh. 40
Pg. 2

7.      The April 16, 2019 foreclosure sale was canceled as Defendant Mack Wells filed bankruptcy. The automatic stay no longer applies because Plaintiff obtained relief from the stay and the Bankruptcy Court found that the Defendant's bankruptcy petition was part of a scheme to delay, hinder, or default creditor and ordered that the relief from the automatic stay is in force for a period of two years.

8.      On October 30, 2019 this Court entered an Order Granting Motion to Reschedule Foreclosure Sale pursuant to which a foreclosure sale was scheduled for December 11, 2019.

9.      The December 11, 2019 foreclosure sale was canceled as Defendants Curtis McNeal and Hok William filed bankruptcy. The automatic stay no longer applies because the bankruptcy was dismissed.

10.     On February 6, 2020 this Court entered an Order Granting Motion to Reset Foreclosure Sale pursuant to which a foreclosure sale was scheduled for April 6, 2020.

11.     The April 6, 2020 sale was canceled at the request of the Plaintiff due to the COVID-19 moratorium, foreclosure sale was rescheduled for June 24, 2020.

12.     The June 24, 2020 sale was canceled at the request of the Plaintiff due to the COVID-19 moratorium.

13.     Plaintiff is ready to proceed with the foreclosure sale at this time and requests that the sale be reset.

WHEREFORE, Plaintiff prays that this Court will enter an order resetting the foreclosure sale, and such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on March 30, 2022 to all persons shown on the following service list.

BROCK & SCOTT, PLLC
Attorney for Plaintiff
2001 NW 64th St, Suite 130
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955 x6133
Fax: (954) 618-6954
Mehwish.Yousuf@brockandscott.com


By   /s/ Mehwish Yousuf_____
     Mehwish Yousuf, Esq.
     Florida Bar No. 92171

Case No.  2010-61928-CA-01                           File # 13-F02868

## SERVICE LIST

The following persons were served by e-mail:

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

U.S. Bank, National Association, as Trustee for RASC 2005AHL3
% Michael L. Eisenband, Esq. & Nicole R. Topper, Esq.
500 E. Broward Blvd., Suite 2100
Fort Lauderdale, FL 33394
BRFLeservice@BlankRome.com; MEisenband@BlankRome.com; NTopper@BlankRome.com

The following persons were served by U.S. mail:

Hoke Williams
15020 S RIVER DR
MIAMI, FL 33167-1035

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Case No.  2010-61928-CA-01

File # 13-F02868

Exh. 40
pg4

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
proccess
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

LEROY WILLIAMS
8152 NW 15TH MNR
APT FC2R
PLANTATION, FL 33322-5422

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symonette Limited Parthership
L/K/A 15020 South River Drive
Miami, FL 33167

Case No.  2010-61928-CA-01                                    File # 13-F02868

Exh.92

## AFFIDAVIT

I MAURICE Symonette WAS There IN The Dade County Courthouse ON Flagler Street IN DownTown MIAMI And Witnessed Judge Zabel Sign The Document To Dismiss With Prejudice on 04/06/2009 That WAS FoR The CASE: 2007-12407-CA01, And I Also witness That I SAW it on The docket Sign Judge ZAbel

MAURICE Symonette
15020 S. River DR
Miami, FLA. 33167

X 
Feb 9, 2022

TAMMIE MITCHELL
Notary Public - State of Florida
Commission # GG 360128
My Comm. Expires Jul 29, 2023
Bonded Through National Notary Assn.

Exh. 92

# AFFIDAVIT

I MACK Wells WAS There in The Miami Dade County Court house on Flagler Street in Downtown Miami And I witness Judge Zabel Sign The Document To Dismiss With Prejudice on 04/06/2009 That WAS For The Case Number 2007-12407-CA01 And I'm Also A witness that I saw it on the Docket Signed by Judge Zabel

*Mack Wells*

MACK Wells

15020 S. River Dr.
Miami Fla 33167.

X *Fannie Mitchell*
Feb, 9, 2022



Exhibit 9

## AFFIDAVIT

I James Buckman was there in The Miami Dade Court House on Flagler Street in downtown Miami and I witness Judge Zabel sign The Document to dismiss with Prejudice on 04/04/2007 That was For the CASE NO. 2007-12407-CA01, and I'm ALSO witness That I saw it on the docket Signed by Judge Zabel.

James Buckman Jr.
15080 S. River dr.
Miami Fl. 33167

X Fannie Mitchell
Feb 4, 2022



FANNIE MITCHELL
Notary Public - State of Florida
Commission # GG 360128
My Comm. Expires Jul 29, 2023
Bonded through National Notary Assn.

Exh. ▮▮▮▮▮

*Exh 94 pg2*

**WESTERN UNION**

**PAYMENT SERVICES**

**AXIOM FINANCIAL SERVICES**
**10900 STONE LAKE BLVD SUITE 350**
**AUSTIN TX 78759-5867**

Dec. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | **WACHOVIA BANK, NA** |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | **Nov.30, 2006** |
| **Payable To:** | **AXIOM FINANCIAL SERVICES** |
| **Amount of Payment:** | **$2286.67** |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:45 A.M. Nov. 30,2006, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

**Important Information**
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail. payment.
Retain this letter for your records.



Exh. ____. pg2

Exh 9q



AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Jan. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | Dec. 31, 2006 |
| | |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| | |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:40 A.M. Dec. .31,2006,we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail. payment.
Retain this letter for your records.

Exh. ████ pg3

Exh 94



**AXIOM FINANCIAL SERVICES**
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | Jan.31, 2007 |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001820274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary
This is not a bill. Do not mail payment
Retain this letter for your records

Exh. ███████ pg4

Exh 94

**WESTERN UNION**
PAYMENT SERVICES

**AXIOM FINANCIAL SERVICES**
**10900 STONE LAKE BLVD SUITE 350**
**AUSTIN TX 78759-5867**

Mar. 1, 2007

**LEROY WILLIAMS**
**15020 SOUTH RIVER DRIVE**
**MIAMI FL 33167**

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | **WACHOVIA BANK, NA** |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | **Feb.28, 2007** |
| **Payable To:** | **AXIOM FINANCIAL SERVICES** |
| **Amount of Payment:** | **$2286.67** |
| **Customer Reference:** | **0001920274** |

Dear LEROY WILLIAMS,

Based on your authorization during our telephone conversation on ████████████ we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188 832-████
Thank you for your business

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Don't give out your bank account information over the phone unless you ████████████████
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh. pg5

Exh. 94

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

April 1, 2007

LEROY    WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

## PAYMENT DESCRIPTION

Bank:                              WACHOVIA BANK, NA
Bank Account Number:               ********0274
Date of Transaction:               March 30, 2007

Payable To:                        Axion Financial Services
Amount of Payment:                 $2286.67

Customer Reference:                0001920274

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 11:51 A.M., March 30, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 186-832-7990.
Thank you for your business.

                        Axiom Financial Services
                        10900 Stone Lake Blvd. Suite 350
                        Austin Tx 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary

This is not a bill. Do not mail payment.
Retain this letter for your records.

004730A0116730

Exh. ██████ pg6

*Exh 94*

**WESTERN UNION**
**PAYMENT SERVICES**

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

May 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

## PAYMENT DESCRIPTION

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | April 30, 2007 |
| Payable To: | Axion Financial Services |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:00 A.M., April 30,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.

Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important Information

Don't give out your bank account information over the phone unless you know the company and understand why the information is nessery

This is not a bill. Do not mail. payment.
Retain this letter for your records.

004730A0116730

Exh. ~~Pg 7~~

Exh 94 Pg 7

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

June 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | May 30, 2007 |
| | |
| Payable To: | Axiom Financial Services |
| Amount of Payment: | $2286.67 |
| | |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:38 A.M., May 30, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessery

This is not a bill. Do not mail. payment.
Retain this letter for your records.

004730A0116730

**Your CUSIP Results are as follows:**

Exh. 95

**LEROY WILLIAMS (ACCT 10017610506273202 [MIN])**
**Fidelity Advisor Strategic Real Return Fund**
Symbol:                          FSRAX
CUSIP:                           315912873

Inception Date:                  9/7/2005
Net Assets:                      $462,624,000.00 as of
                                 12/3/2021
Portfolio Assets:                $462,624,000.00 as of
                                 12/3/2021

**A little about the Fund:**

Fidelity Strategic Real Return Fund seeks real return consistent with reasonable investment risk by investing in domestic and foreign issuers using a neutral mix of approximately 30% of inflation-protected debt securities, 25% floating-rate loans and 20% REITs and other real estate related investments.





# AFFIDAVIT OF FACT

**STATE: OHIO**

**COUNTY: FAIRFIELD**

The undersigned, Wesley Jarvis, Trustee for CUSIPONE Trust, hereby states and confirms that he is of legal age and competent to state on belief and personal knowledge that the facts set forth herein, as duly noted below are true, correct, complete and presented in good faith, establish that:

1.    The CUSIP numbers attached for LEROY WILLIAMS, for an account bearing number 100176105062733202, were searched through independent databases, confirmed with trading desks, and at least one interest was confirmed as per the reports issued and attached as a result.

2.    The Fund Manager, or other custodian(s) of the accounts of the fund(s) may have access to internal records indicating detailed data about the percentage of interest as held for the account of LEROY WILLIAMS.

3.    More than one fund may have an interest in the accounts of LEROY WILLIAMS.

FURTHER AFFIANT SAYETH NOT.

Signed and sealed this _____30_____ day of _____January_____ in the Year of our Lord, two thousand twenty-two (2022).

All Rights Reserved.

For WESLEY JARVIS

_____

Wesley J. Jarvis, Trustee

Page 1 of 2

*Exh. 97*

## JURAT

State of ___Ohio___                )

Subscribed and Affirmed         )

County of ___Fairfield___       )


On ___January___ ___3___ , 2022 before me, ___Nia Turaxx___ (notary public) personally appeared **Wesley J. Jarvis** [ ] personally known to me or [✓] proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to above and acknowledged to me that he executed the same in his authorized capacity.

I now affix my signature and official seal to these affirmations.

_____ (Signature)

Notary Public State of ___Ohio___

My Commission Expires: ___5/16/26___                Seal:

Page 2 of 2

*Exh 98*

# MASTER KEY OF EXPLANATION FOR CUSIP REPORT

The following is a brief explanation of the report you received for your CUSIP searches. Please keep in mind that there can be MANY different securities inside the Fund itself. The value of the fund does not necessarily reflect the amount of your individual security.

*As listed on your report:*

Your name (or name of recipient).

The name of the fund in which the subject security was found to reside.

The Symbol is the Ticker Symbol of the fund which was found.

The CUSIP is the CUSIP number of the fund.

The Inception Date is the date the FUND was created. It has nothing to do with the specific case or issue.

Net Assets and Portfolio Assets usually are the same but can be different. These give an amount of value held by the Fund trust. This amount can and usually does change on a daily basis in coordination with the markets in which it trades.

Description of what the fund does in the market place. It also shows what sectors it trades in.

We always encourage that you do deep studies in securities and the relations around the industry before doing anything with them. It's a highly-regulated market.

Exh.99

P52 EXECUTION VERSION

RESIDENTIAL ASSET SECURITIES CORPORATION,

Company,

RESIDENTIAL FUNDING COMPANY, LLC,

Master Servicer,

and

U.S. BANK NATIONAL ASSOCIATION,

Trustee

AMENDMENT NO. 1

TO

POOLING AND SERVICING AGREEMENT

Dated as of September 27, 2007

Home Equity Mortgage Asset-Backed Pass-Through Certificates

Series 2005-AHL3

COMP
π          EX. ( B )
Filed  11-29    A.D. 2011
Case No. 10-61928-CA05
HARVEY RUVIN
Clerk Circuit Court

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

OHS West:260388944.2

*Exh. 99 pg 3*

THIS AMENDMENT NO. 1 TO POOLING AND SERVICING AGREEMENT dated as of September 27, 2007 (this "Amendment"), is among RESIDENTIAL ASSET SECURITIES CORPORATION, a Delaware corporation, in its capacity as depositor (the "Company"), RESIDENTIAL FUNDING COMPANY, LLC, a Delaware limited liability company, in its capacity as master servicer (the "Master Servicer"), and U.S. BANK NATIONAL ASSOCIATION, a banking association organized under the laws of the United States, in its capacity as trustee (the "Trustee"). Capitalized terms used in this Amendment and not otherwise defined herein will have the meanings assigned to them in the Pooling and Servicing Agreement dated as of November 1, 2005, among the Company, the Master Servicer and the Trustee (the "Pooling Agreement").

## W I T N E S S E T H

WHEREAS, RESIDENTIAL ASSET HOLDINGS II, LLC ("RAHII"), a subsidiary of the Master Servicer and current holder of the Class SB Certificates, wishes to sell the Class SB Certificates;

WHEREAS, in an effort to reflect the underlying economics of this sale for financial reporting purposes, the Master Servicer and RAHII wish to take certain actions to cause the trust created by the Pooling Agreement to satisfy the qualifying special purpose entity requirements set forth in the relevant accounting statements;

WHEREAS, one of these actions is to amend the Pooling Agreement to delete Section 4.09;

WHEREAS, the Company, the Master Servicer and the Trustee desire to amend the Pooling Agreement to delete Section 4.09 and RAHII, as the Class SB Certificateholder, consents to such amendment as the only class affected thereby;

WHEREAS, Section 11.01(b) of the Pooling Agreement provides that the Pooling Agreement may be amended as follows; and

WHEREAS, the Company hereby authorizes and directs the Trustee to enter into this Amendment on the terms provided herein and the Trustee, by execution of this Amendment, complies therewith.

NOW, THEREFORE, the parties hereto agree as follows:

SECTION 1.   Amendments.

(a)      Section 1.01 of the Pooling Agreement is hereby amended in respect of the defined terms "Derivative Contract" and "Derivative Counterparty", which are hereby deleted.

(b)      Section 4.03(a)(xxi) of the Pooling Agreement is hereby amended as follows:

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Exh. 99. P. 03

(i)  Section 4.03(a)(xxi) [Reserved]

(c)  Section 4.09 of the Pooling Agreement is hereby amended as follows:

(i)  Section 4.09.  [Reserved]

(d)  All cross references in the Pooling Agreement with respect to Section 4.09 are hereby deleted.

(e)  Section 9.01 is hereby amended in respect of subsection (a) by replacing such subsection in its entirety with the following:

(i)  Section 9.01(a).  Subject to Section 9.02, the respective obligations and responsibilities of the Depositor, the Master Servicer and the Trustee created hereby in respect of the Certificates (other than the obligation of the Trustee to make certain payments after the Final Distribution Date to Certificateholders and the obligation of the Depositor to send certain notices as hereinafter set forth) shall terminate upon the last action required to be taken by the Trustee on the Final Distribution Date pursuant to this Article IX following the earlier of:

(i)  the later of the final payment or other liquidation (or any Advance with respect thereto) of the last Mortgage Loan remaining in the Trust Fund or the disposition of all property acquired upon foreclosure or deed in lieu of foreclosure of any Mortgage Loan, or

(ii)  at the option of the Master Servicer, the purchase of all Mortgage Loans and all property acquired in respect of any Mortgage Loan remaining in the Trust Fund, at a price equal to 100% of the unpaid principal balance of each Mortgage Loan (or, if less than such unpaid principal balance, the fair market value of the related underlying property of such Mortgage Loan with respect to Mortgage Loans as to which title has been acquired if such fair market value is less than such unpaid principal balance) (and if such purchase is made by the Master Servicer only, net of any unreimbursed Advances attributable to principal) on the day of repurchase, plus accrued interest thereon at the Net Mortgage Rate (or Modified Net Mortgage Rate in the case of any Modified Mortgage Loan), to, but not including, the first day of the month in which such repurchase price is distributed;

*provided, however,* that in no event shall the trust created hereby continue beyond the expiration of 21 years from the death of the last survivor of the descendants of Joseph P. Kennedy, the late ambassador of the United States to the Court of St. James, living on the date hereof; and *provided further,* that the purchase price set forth above shall be increased as is necessary, as determined by the Master Servicer, to avoid disqualification of any REMIC created hereunder as a REMIC.

The purchase price paid by the Master Servicer pursuant to Section 9.01(a)(ii) shall also include any amounts owed by Residual Holders pursuant to the last

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

*Exh. 99 Pg A*

paragraph of Section 4 of the Assignment Agreement in respect of any liability, penalty or expense that resulted from a breach of the representation and warranty set forth in clause (xlvi) of Section 4 of the Assignment Agreement that remain unpaid on the date of such purchase.

The right of the Master Servicer to purchase all of the Mortgage Loans pursuant to clause (ii) above is conditioned upon the date of such purchase occurring on or after the Optional Termination Date. If such right is exercised by the Master Servicer, the Master Servicer shall be deemed to have been reimbursed for the full amount of any unreimbursed Advances theretofore made by it with respect to the Mortgage Loans being purchased. In addition, the Master Servicer shall provide to the Trustee the certification required by Section 3.15, and the Trustee and any Custodian shall, promptly following payment of the purchase price, release to the Master Servicer the Mortgage Files pertaining to the Mortgage Loans being purchased.

In addition to the foregoing, on any Distribution Date on or after the Optional Termination Date, the Master Servicer shall have the right, at its option, to purchase the Class A Certificates, Class M Certificates and Class SB Certificates in whole, but not in part, at a price equal to the sum of the outstanding Certificate Principal Balance of such Certificates plus the sum of one month's Accrued Certificate Interest thereon, any previously unpaid Accrued Certificate Interest, and any unpaid Prepayment Interest Shortfalls previously allocated thereto and, in the case of Prepayment Interest Shortfalls, accrued interest thereon at the applicable Pass-Through Rate through the date of such optional termination. If the Master Servicer exercises this right to purchase the outstanding Class A Certificates, Class M Certificates and Class SB Certificates, the Master Servicer will promptly terminate the respective obligations and responsibilities created hereby in respect of these Certificates pursuant to this Article IX.

SECTION 2.   Effect of Amendment.

Upon execution of this Amendment, the Pooling Agreement shall be, and be deemed to be, modified and amended in accordance herewith and the respective rights, limitations, obligations, duties, liabilities and immunities of the parties thereto shall hereafter be determined, exercised and enforced subject in all respects to such modifications and amendments, and all the terms and conditions of this Amendment shall be deemed to be part of the terms and conditions of the Pooling Agreement (as applicable) for any and all purposes. Except as modified and expressly amended by this Amendment, the Pooling Agreement is in all respects ratified and confirmed, and all the terms, provisions and conditions thereof shall be and remain in full force and effect.

SECTION 3.   Binding Effect.

The provisions of this Amendment shall be binding upon and inure to the benefit of the parties hereto, any Certificateholder and each of their respective successors and assigns.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN,  CLERK

*Exh. 99*
*P95*

## SECTION 4.  Governing Law.

This Amendment shall be governed by and construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws.

## SECTION 5.  Severability of Provisions.

If any one or more of the covenants, agreements, provisions or terms of this Amendment shall be for any reason whatsoever held invalid, then such covenants, agreements, provisions or terms shall be deemed severable from the remaining covenants, agreements, provisions or terms of this Amendment and shall in no way affect the validity or enforceability of the other provisions of this Amendment or of the Certificates or the rights of the Certificate Insurer or the Certificateholders.

## SECTION 6.  Section Headings.

The section headings herein are for convenience of reference only, and shall not limit or otherwise affect the meaning hereof.

## SECTION 7.  Counterparts.

This Amendment may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

[Signature Pages Follow]

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

*Exh. 99*
*Pg 36*

IN WITNESS WHEREOF, the Company. the Master Servicer and the Trustee have caused their names to be signed hereto by their respective officers thereunto duly authorized as of the day and year first above written.

RESIDENTIAL ASSET SECURITIES CORPORATION

By: _____

Name: Benita Bjergo

Title: Vice President

RESIDENTIAL FUNDING COMPANY, LLC

By: _____

Name: Tim Jacobson

Title: Associate

U.S. BANK NATIONAL ASSOCIATION, as Trustee

By: _____

Name:

Title: Authorized Signer

Acknowledged and agreed to by:

RFC ASSET HOLDINGS II, LLC, as the sole owner of the Class SB Certificates

By: _____

Name: Diane Wold

Title: Vice President

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Ex. 99
Pg 7

IN WITNESS WHEREOF, the Company, the Master Servicer and the Trustee have caused their names to be signed hereto by their respective officers thereunto duly authorized as of the day and year first above written.

RESIDENTIAL ASSET SECURITIES
CORPORATION

By: _____
   Name:
   Title:

RESIDENTIAL FUNDING COMPANY, LLC

By: _____
   Name:
   Title:

U.S. BANK NATIONAL ASSOCIATION,
as Trustee

By: _____
   Name:   Michelle Moeller
   Title:  Authorized Signer

Acknowledged and agreed to by:

RFC ASSET HOLDINGS II, LLC,
as the sole owner of the Class SB Certificates

By: _____
   Name:
   Title:

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Exh 99
Pg 8

STATE OF MINNESOTA   )
                     ) ss.:
COUNTY OF HENNEPIN   )

On the 2b day of September 2007 before me, a notary public in and for said State, personally appeared T. Jacobson, known to me to be an Associate of Residential Funding Company, LLC, one of the limited liability companies that executed the within instrument, and also known to me to be the person who executed it on behalf of said corporation, and acknowledged to me that such limited liability company executed the within instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

Notary Public

AMY SUE OLSON
Notary Public
Minnesota

[Notarial Seal]

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Exh. 9
199

STATE OF MINNESOTA )
                    ) ss.:
COUNTY OF RAMSEY    )

On the 26th day of September 2007 before me, a notary public in and for said State, personally appeared **Michelle Moeller**, known to me to be an Assistant Vice President of U.S. Bank National Association, a banking association organized under the laws of the United States that executed the within instrument, and also known to me to be the person who executed it on behalf of said banking corporation and acknowledged to me that such banking corporation executed the within instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

Notary Public



[Notarial Seal]

Notary Public

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Filing # 143058165 E-Filed 02/01/2022 01:31:10 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN

AND FOR

MIAMI DADE COUNTY FLORIDA CIVIL ACTION

MAURICE SYMONETTE

Plaintiff

CASE NO: 2021-

10826-CA01

v.

U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR RASC
2005AAHL3, MERS, FRANKLYN
CREDIT MANAGEMENT CORP and
AXIOM FINANCIAL SERVICES

Defendants,

## MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil
Procedure Rule 60, Plaintiff MAURICE SYMONETTE hereby files this Motion for
Relief & Recusal and Supporting Memorandum regarding the June. 25 2010 Valerie
Manno Schurr Freview of the record and Final Judgement Order, Exhibit.J because it
injured us. based on the following facts, new information, just terms, judicial
misconduct, fraudulent grounds and discovered conflict of personal investment
interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B)
Attached- U.S. BANK Special Situation Property Funds Account Page 42, IFRS 2018
Tables 9-13, SEC Filings- U.S. BANK Florida Subsidiaries, Judge Valerie Manno
Shurr Financial Interests & Property Disclosures).

# _Florida Rule 2.160 (H) Says A Judge must Vacate her orders for Conflict of Interest LIKE THE ORDERS JUDGE VALERIE MANNO SHURR DID IN THE ILLEGAL EXPARTE HEARING 06/25/2010 WHERE SHECHANGED THE ORDER OF DISMISSAL WITH PREJUDICE TO DISMISSAL WITHOUT PREJUDICE AND RETURN THAT BACK TO DISMISSED WITH PREUDICE AND ALL HER OTHER ORDERS SHE DID IN THE NEW CASE 2022, Theodore R. Bundy V. Judge John A. Rudd, Fl. Rule 2.160 (D) (1), Fl. Code Jud. Conduct Canon 3E (1) A Judge shall disqualify herself where impartiality might reasonably be questioned Rule 2.160 (D) (1) and grounds to disqualify is a party fears that the Judge is Biased, Fl. Statue 112.312 (8) and Judge can't have a conflict of Interest!_

Judge Valerie Schurr must Recuse herself for an open obvious Conflict of Interest because she's and was doing business with US Bank, GMAC and OCWEN and helping them to make money so that she can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make her and them money Illegally. Here's proof.

## NOW I'M REPORTING JUDGE SHURR TO THE ADMINISTRATIVE JUDGE WHO APPOINTS JUDGES TO CASES, GOVERNOR DE SANTIS, THE JQC, THE BAR, THE US DOJ, THE FBI, THE FLORIDA STATE ATTONEY AND MEDIA FOR OBVIOUS RACIST MISCONDUCT, BY TOTALLY IGNORING FLORIDA STATUTES-RULES AND FOR CRAZY OBVIOUS CONFLICTS OF INTEREST

Because something strange has Happened out of nowhere! Judge Valerie *Manno Schurr's* SIGNATURE and NAME shows up on the DISMISSAL WITH PREJUDICE that was done by  Judge ZABEL*'s Order of Dismissal With PREJUDICE* 04/07/2010  THE YEAR AFTER Judge Valerie Manno Shurr BECOMES JUDGE RIGHT BEFORE SHE mistereouly dose another Dismissal with Prejudice *04/07/2010 exactly one year after Judge Zabel's 04/07/2010* Order of Dismissal With Prejudice to  take over our case to save U.S. BANK FROM US and save JUDGE ZABEL, THEIR LAWYERS FROM THE WRATH OF THEIR BOSS *GMAC (US BANK)* WHO HAD ALREADY PAID THEM TO SAVE U.S. BANK

*FROM US. JUDGE VALERIE MANNO SHURR is who we're just now finding out that* THE BANKS PAID HER TO TRICK US INTO BELIEVING THAT WE WERE SAFE FROM US BANK WITH THE DISMISSAL WITH PREJUDICE AND THEN THREE MONTHS LATER JUDGE VALERIE MANNO SHURR CHANGES IT TO DISMISSAL WITHOUT PREJUDICE IN AN ILLEGAL EXPARTE HEARING WITHOUT US KNOWING SO THAT US BANK COULD AND START THE SAME CASE OVER

WITHOUT NOTICE TO US! WHY DID **GMAC (US BANK)** PAY JUDGE

VALARIE MANNO SHURR TO AKE OVER OUR CASE WAS BECAUSE JUDGE ZABEL

***DISMISSED WITH PREJUDICE US BANK'S CASE 04/07/2009 AS SEEN ON THE***

DOCKET CASE NUMBER 2007-12407-CA-01 LINE 10, Exh. C. And FORD MOTOR

***CO. V. CALLOWAY SAYS A JUDGE CAN'T CHANGE ANOTHER JUDGE'S ORDER SO,***

JUDGE VALARIE MANNO SHURR FILED HER DUPLICATE DISMISSAL WITH

***PREJUDICE SAMPLE ZABEL'S ORDER FILED 04/07/2009 AND SHURR'S***

DUPLICATE ORDER FILED 04/07/2010 AS SEEN ON THE DOCKET CASE NUMBER

2007-12407-CA-01 LINE 10 AND 11, Exh. C. ALL DONE SO THAT SHE COULD IN

AN ILLEGAL EXPARTE HEARING IN VIOLATION OF FLORIDA STAT. 702.07 WITH

THE PLAINTIFF US BANK CHANGE HER OWN ORDER TO DISMISSAL WITHOUT

PREJUDICE, Exh. F. TO HELP **GMAC (US BANK).** *STEAL SO THEY CAN*

*ALL MAKE MONEY OFF OF HELPLESS BLACKS. USING BIG BAD JUDGES*

*AND LAWYERS!* The Proof that JUDGE VALARIE MANNO SHURR made MONEY to

help them is on her Form 6 FULL AND PUBLIC DISCLOSURE OF FINANCIAL

INTEREST SWORN AFFIDAVIT OATH of 2008 that shows on Part C. Liabilities

section that a 1She has $995,000.00 and $91,498.00 from GMAC which is the

Servicer and owner RESIDENTIAL FUNDING CORPORATION in their notice of

transfer said they were controlling our payments as Servicer from at least

1/1/2007 on the Mortgage Payment Coupon at the bottom of the Transfer

Letter, Exh.S. and $129,000,00 from Wells Fargo which is US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, Exh.(DD). And Judge Shurr has $129,000,00 from Wells Fargo which is US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, Exh.(DD ) then in 2009 form 6 it shows GMAC MORTGAGE of $410,000.00 and Credit line with GMAC, and $128,000 Wachovia which is Wells Fargo which is US BANK, Exh.(EE) and then she allows an Illegal Ex parte Hearing with US Bank National Attorneys to change her order which is *really Judge Zabel's Orde*r from DISMISSED WITH PREJUDICE in April 6th, 2010 Exh. (F3) to change the Dismissed with Prejudice 3 months later in June 27th 2010 into DISMISSED WITHOUT PREJUDICE In this Ex Parte hearing Exh.(F). which is only supposed to be done with only the Defendants that are about to lose their home to the Foreclosure Sale and this must be done before the sale of the House according to Fl. Statute 107.07, (during the interim GMAC also had a Florida Default Letter as the Servicer) and after that wonderful gift Judgement to US Bank National Association and helping Judge Zabel out of the mess for doing a Judgment without a Docketed Complaint, Note, Allonge, Mortgage or an Assignment from the Records which was literally Criminal, Thievery of our house. Then suddenly In her 2010 Form 6 Disclosure of Financial Interest , Exh.(FF), it shows a $400,000.00 gift from GMAC and shows $1,000,000.00 from Wells Fargo which is US Bank, Exh. (EEE). All of this is pay to Play RICO Conspiracy to Steal Black Peoples Houses *which they're* also doing to White

European Gentiles! US BANKS only lawful Remedy was to Appeal the Dismissal with Prejudice within 30 days according to Florida Appelate Rule 4 (a)(1)(A). But now a case that was Dismissed with Prejudice was given life again by Judge Valerie Manno *Schurr's illegal Ex parte hearing and changing the Dismissal with Prejudice to* Dismissal without Prejudice which allowed US BANK to secretly file another Foreclosure Case against the House at 15020 South River Drive Miami Florida 33167 and US Bank did file another case which was a continuance of the same Case from 2007 which is called Case Number 2007-12407-CA01 that was Dismissed with Prejudice and Secretly changed to Dismissed without Prejudice and without any notice to us in 2010 called Case number 2010-61928-CA01 this 2010 was also done without the Original Mortgage, Assignment and Docs. Original of the Note, Allonge to the Note, and the second Allonge from Fannie Mae or indemnification info that indemnifies Fannie Mae and there must be the Loan Number, Date and the printed name of the Signer as required by Federal Fannie Mae Rules B8-3-04 for Fannie Mae of which none of this is on the copy of the Allonge recorded on the Docket, Exh. LL. And JUDGE VALERIE MANNO SHURR has taken my new Case again to finish what she started by Ruling in favor of US BANK and GMAC with worst Conflicts of Interests that *she's trying to hide so that she can Rule in the Bank's Favor to illegally. Because in her* FORM 6 - 2019 and 2020 Financial Disclosure Affidavit she has over 11,192,000.00 million, plus on line 5 she states that she has a $400,000.00 Mortgage with City National Bank that is Royal Bank of Canada which is Wells Fargo, Exh. SS. and Wells

Fargo is US Bank the Bank Judge Valerie Manno Shurr is helping to illegally Foreclose

*on us, Exh. TT. The other conflict is Shurr's $400,000.00 Mortgage Holder City*

National Bank that is Royal Bank of Canada Which is Morgan Stanly/ JP MORGAN,

Exh. VVV, which is US BANCORP/ US BANK, Exh. W. and Exh. X. all this is CITY

NATIONAL BANK Exh. SS, Who Merged with Wachovia Bank who admitted the were

SLAVE MASTERS OF BLACK PEOPLE, Exh.UU.  to just take CRIPLE HELPLESS BLACK

*PEOPLE'S HOMES. I will investigat how this Judge accumulated 11 million dollars on a*

*JUDGE'S SALLARY , I Deman*d to see where all that money This is the BANK that was

served my law suite by an official Servicer acknowledge by US BANK which by Florida

Statute they hod only 20 days to answer but they never answered for six months while

we trying to Default them the whole time, yet JUDGE VALERIE MANNO SHURR with

her millions of dollars of Conflicts of interest helped US Bank by not ever Defaulting

*them no matter what the laws and rules say I Really don't stand a chance in this fight*

because the referee (JUDGE SHURR) is being paid by my Opponents to Rule only in

*their (US BANK'S-GOLIATH'S) favor I AM Detroyed and CRUCIFIED by these Wicked*

Animals who break all the Laws and kill BLACK PEOPLE and hold themselves not

GUILTY by these CROOKED EVIL JUDGES like JUDGE VALERIE MANNO SHURR and I

know they are Plotting to KILL me right now, K.J.V. BIBLE= ZECHARIAH 11:5!!!!!

Axiom Financial <u>Services  now refered to as (AFS) is the Bank the Note was done</u>

<u>with and (AFS) sold the Note  with the MIN. Account number</u>

<u>100176105062733203{M at the bottom of each page of the adjustable rate Note</u>

Exh.(NN) with the Cusip Number 315912873 to Fidelity Strategic Real Return Fund according to the CUSIP search by CUSIPONE EXPERT CUSIP search service as stated by The Expert Witness Affidavit of Fact Wesley Jarvis, Trustee for CUSIPONE Trust, Exh. (OO). The (AFS) Note was sold by (AFS) 9/7/2005 three months after Leroy Williams signed the (AFS) Note and is with Fidelity Strategic Real Return Fund until this day according to The CUSIPOne Expert Witness Exh. (PP) So the (AFS) Note never went to US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3 now referred to as (USB). So (USB) cannot Foreclose on this (AFS) Note nor anyone of the above stated Defendants because they don't own the Note and even Fidelity Strategic Real Return Fund cannot Foreclose because (USB) in 2007 did a Publigation to Foreclose on the (AFS) Note and Fidelity Strategic Real Return Fund did not Object or Intervene within 30 days of the publication of the Foreclosure of 2007 of Fidelity Strategic Real Return Fund standing to Foreclose according to Fl. Stat. ( ) Exh. (pp) or any Interest in the Note and therefore they have no standing And according to the SEC - FASB GAAP Rules once a Note is sold on the Market it must be burned and Destroyed because a Note cannot exist at the same time that a stock, bond or fund exist because that is Double Dipping using the Fund and the Note ILLEGALLY. 6.Plaintiff has had exclusive, complete, actual, open, notorious, hostile, and continuous possession of the Property adverse to defendants for more than 17 years. Plaintiff has made and paid for all repais and upkeep, on the property for the past 17 years..

Judge Valerie Manno Schurr says that GMAC BANK on her form 6 full and public disclosure of Financial interests is a Bank she's doing business with, because she's doing business with GMAC/ U.S. BANK and helping them to make money so that she can make money by foreclosing and taking our property proof: In her Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, form 6, Exh. A. Says on line 5 and 6: Judge Valerie Schurr is Doing Business with GMAC with a Mortgage from GMAC for $91,438.00 and $995,000.00, And GMAC BANK is U.S. BANK, Exh. E1. and E2. Because in her FORM 6 - 2019 and 2020 Financial Disclosure Affidavit she has over 11,192,000.00 million, plus on line 5 she states that she has a $400,000.00 Mortgage with City National Bank that is Royal Bank of Canada which is Wells Fargo, Exh. SS. and Wells Fargo is US Bank the Bank Judge Valerie Manno Shurr is helping to illegally Foreclose on us, Exh. TT. The other conflict *is Shurr's $400,000.00 Mortgage Holder City National Bank* that is Royal Bank of Canada Which is Morgan Stanly/ JP MORGAN, Exh. VVV, which is US BANCORP/ US BANK, Exh. W. and Exh. X. all this is CITY NATIONAL BANK Exh. SS, Who Merged with Wachovia Bank who admitted the were SLAVE MASTERS OF BLACK PEOPLE, Exh.UU.  to All of this is a major Conflict of Interest. She and other Judges who have the same conflict of interest has ruled in favor of, U.S. Bank, EXH. C F. of these Conflict of Interest against us and there's more. I have found that our case was directed to her and other Judges in this Pool, So she must recuse herself and vacate her Order,  Exh. F, So Valerie Schurr you must Recuse YOUR SELF VACTE ALL YOUR ORDERS NOW!  AND I PRAY THAT YOU DON'T SPACE FOR ANNOTHER JUDGE TO ORDER THA T YOUR ORDER TO DISMISS WITHOUT PREJUDICE IS ILLEGALLY BE UPHELD!


FACTUAL BACKGROUND

l. Judge Zabel got very angry with U.S. Bank and decided to dismiss the case with Prejudice between 2007 and 2008 but Judge Valerie Manno Shurr some how ended up being the Judge who signed the Order On APRIL 6, 2010 Judge Valerie Schurr issued a final judgment order Exhibit.A IN FAVOR of Leroy Williams to dismiss the Foreclosure case against him with Prejudice whose property is now Quitclaimed to Plaintiff Maurice Symonette in the former case no: 07-12407CA01 where U.S. BANK could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, Exhibit. l. and then after three months and GMAC doing business (Payoff) Judge Valerie Manno Shurr ! on June 25 2010, issued a Issued another Order that changed Zabel and Valerie Manno Schurr's Order from dismissed with Prejudice to suddenly dismissed without Prejudice in an illegal Ex Parte hearing with her and her Business Partner's U.S. Bank/GMAC and Judge Valerier Manno Schurr is now the same Judge with the same Conflicts of Interest rulling on the same case and property with the same business partners against Maurice Symonette concerning the same property this is wide open Crazy! And Sad! That this Court is Strong Arming,. Bullying and just taking our house like gangsters with the Full strength of the Police against the helpless these gangster ways has her now gone and went from a few Million Dollars to now over $20 million Dollars with the same business Partners as a quasi-defense attorney for U.S. BANK her personal investment Partner to make money together. Plaintiff MAURICE SYMONETTE has now subsequently provided the United States Department of Justice (DOJ) on specific newly discovered whistle blower information and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants U.S. BANK, Clerks and Court officers in this action. Exhibit, O. GMAC does not own the Note.

MEMORANDUM OF LAW

The Defendants maintains timely Constitutional due process civil rights for Florida Rule 2.160 (H) and Federal Rule 60 Relief to close this case with the original Dismissal with Prejudice in our Defendants favor with requirement of Valerie Schurr Recusal based on exposed financial conflicts of interests Fla. Stat.112.312 (8)(9).

*Rule 2.160 (H) and FRCP Rule 60, relief from .Judgment Or Order and to Vacate Order .*

*There is to be no conflict of interest with the Judge and the Plaintiff against DEFENDANTS. LIKE*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

*(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*

3. Fraud whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an Opposing party

A Judge is expected to Recuse herself according to Fla. Code Jud. Conduct, Canon 3E (1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and pursuant to 28 U.S, C: § 455 Under § 455(a), Recusal is mandatory in "any proceeding in which Judge's impartiality might reasonably be questioned." Under Fla. Code Jud. Conduct, Canon 3E (1) and § 455(b), a judge is expected to disqualify herself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality.

## Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and Section 455(b) he shall also disqualify himself in the following circumstancess.

*(4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

## CONCLUSION

This Motion for Relief by Vacating Order Judgments Florida Rule 2.160 (H) and Recusal is based on new facts, related to a whistle

**(d)(4) "financial interest" means ownership of a legal or equitable interest, however small**

blower's information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Valerie Schurr was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case knowingly because nobody forgets how and why they get $995,000.00 at the time that we asked THE ACTUAL JUDGE, JUDGE ZABEL to Dismiss our case With Prejudice. So that JUDGE VALERIE MANNO SHURR was paid to and would change the Order to DISMISSAL WITHOUT PREJUDICE!!!

Judge Valerie Schurr has creditor loan history and business with Defendant U.S BANK MERS and GMAC that caused THIS preferential Quid Pro *Quo* treatment by her .sua sponte review and Final Judgment Order. Judge Valerie Shurr has significant exposed investor financial interests in the subject matter in controversy and with Defendants U.S. BANK that will be substantially negatively affected by the outcome of that proceedings when the Plaintiff "ultimately prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

Example of Judges who already recused themselves from U.S. BANK

1. JUDGE DARRIN P. GAYLES Exhibit, P.

3/12/2014

EXh. C2

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

| Date | Book/Page | Docket | Description |
|---|---|---|---|
| 09/10/2007 | | TEXT | $50 FEE PD/RCPT 145184 |
| 08/30/2007 | | NOTICE OF SALE | |
| 08/24/2007 | | TEXT | WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN |
| 08/14/2007 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/13/2007 | | NOTICE OF FILING: | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| 08/13/2007 | | NOTICE OF FILING: | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| 08/13/2007 | | TEXT | FINAL DISPOSITION FORM |
| 08/13/2007 | | TEXT | SALE DATE 09-14-2007 |
| 08/09/2007 | 25872 / 4163 Pages 6 | FINAL JUDGMENT | J $ 491500.11 BK:25872 PG:4163 DN01 DN02 DN03 DN04 |
| 07/26/2007 | | DEFAULT | DN03 |
| 07/26/2007 | | NOTICE OF DEFAULT NOT ENTERED | DN01 DN02 E |
| 07/19/2007 | | NOTICE OF HEARING | MOTIONS 08/09/2007 10:00 AM |
| 07/19/2007 | | MOTION FOR DEFAULT | |
| 07/19/2007 | | MOTION FOR SUMMARY JUDGMENT | |
| 07/19/2007 | | NON-MILITARY AFFIDAVIT | |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/23/2007 DN02 |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/12/2007 DN01 |
| 06/12/2007 | | TEXT | SUMMONS RTD NON-SERVED UNK SPOUSE OF WILLIAMS |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 118 P 05/02/2007 DN03 |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1300 P 05/01/2007 DN04 |
| 06/06/2007 | | TEXT | OPPOS. TO PLNFS MORT.FORECLOSURE COMPLT ETC. |
| 05/23/2007 | | TEXT | WRITTEN REQU.FORMAL PROTEST,&DISPUTE ETC. |
| 04/30/2007 | 25576 / 1873 Pages 1 | ANSWER | ATTORNEY:00314021 DN04 |
| 04/26/2007 | | LIS PENDENS | BK:25576 PG:1873 |
| 04/26/2007 | | COMPLAINT | |
| 04/26/2007 | | CIVIL COVER | |
| 04/26/2007 | | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |

BACK TO SEARCH RESULTS   ALL PARTIES   START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights reserved.



S0142977

EX. 102

# FORM 6   FULL AND PUBLIC DISCLOSURE OF   2011
## FINANCIAL INTERESTS

Please print or type your name, mailing address, agency name, and position below :

**COMMISSION ON ETHICS**
**DATE RECEIVED**

JUL 0 3 2012

LAST NAME — FIRST NAME — MIDDLE NAME:
Ruvin    Harvey

FOR OFFICE
USE ONLY:

MAILING ADDRESS:
73 West Flagler Street, Room 242

ID Code

CITY :
Miami, Florida

ZIP :
33130

COUNTY :
Miami-Dade

ID No. 15384

NAME OF AGENCY
Miami-Dade Clerk of Courts

Conf. Code

NAME OF OFFICE OR POSITION HELD OR SOUGHT :
Clerk of Circuit and County Courts

PROCESSED

P. Req. Code

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

2011 FORM 6 PG 3

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2011, or a more current date.  [Note:  Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of _____ December 31 _____, 20 11 was $ 1,567,788.00 .

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

- The aggregate value of my household goods and personal effects (described above) is $ 175,000.00 _____

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions page 4) | VALUE OF ASSET |
|---|---|
| Security Investment Accounts (See Attached List) | 47,788 |
| IRA Deferred Compensation Accounts | 265,000 |
| Personal Residence | 1,500,000 |
| | 1,812.788 |

## PART C — LIABILITIES

**LIABILITIES IN EXCESS OF $1,000 (See Instructions on page 4):**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| Wells Fargo Mortgage | 315,000 |
| Miscellaneous Credit Cards | 5,000 |
| Bank of America | 100,000 |
| | 420,000 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |
| | |

CE FORM 6 - Effective January 1, 2012  Refer to Rule 34-8.002(1), F.A.C.      **(Continued on reverse side)**      PAGE 1

## PART D -- INCOME

You may *EITHER* (1) file a complete copy of your 2011 federal income tax return, including all W2's, schedules, and attachments, *OR* (2) file a sworn statement identifying each separate source and amount of income which exceeds $1,000, including secondary sources of income, by completing the remainder of Part D, below.

☐   I elect to file a copy of my 2011 federal income tax return and all W2's, schedules, and attachments.
[If you check this box and attach a copy of your 2011 tax return, you need not complete the remainder of Part D.]

**PRIMARY SOURCES OF INCOME (See instructions on page 5):**

| NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| Miami-Dade Clerk's Office | Miami, Florida | $171,413.06 |
| Social Security | Miami, Florida | 26,986.00 |
| | | |
| | | |
| | | |

**SECONDARY SOURCES OF INCOME** [Major customers, clients, etc., of businesses owned by reporting person--see instructions on page 5]:

| NAME OF BUSINESS ENTITY | NAME OF MAJOR SOURCES OF BUSINESS' INCOME | ADDRESS OF SOURCE | PRINCIPAL BUSINESS ACTIVITY OF SOURCE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## PART E -- INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 5]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | | | |
| ADDRESS OF BUSINESS ENTITY | | | |
| PRINCIPAL BUSINESS ACTIVITY | | | |
| POSITION HELD WITH ENTITY | | | |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | | | |
| NATURE OF MY OWNERSHIP INTEREST | | | |

**IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE ☐**

## OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments hereto is true, accurate, and complete.

_Harvey Ruvin_
SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

STATE OF FLORIDA
COUNTY OF _Miami-Dade_

Sworn to (or affirmed) and subscribed before me this _29th_ day of _June_, 20_12_ by _Harvey Ruvin_

_Elizabeth Soto_
(Signature of Notary Public--State of Florida)

_Elizabeth Soto_
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _X_   OR   Produced Identification _____

Type of Identification Produced _____

**FILING INSTRUCTIONS** for when and where to file this form are located at the top of page 3.
**INSTRUCTIONS** on who must file this form and how to fill it out begin on page 3.
**OTHER FORMS** you may need to file are described on page 6.



ELIZABETH SOTO
MY COMMISSION # EE 168995
EXPIRES: March 4, 2016
Bonded Thru Notary Public Underwriters

CE FORM 6 - Effective January 1, 2012  Refer to Rule 34-8.012(1), F.A.C

PAGE 2

ATTACHED LIST (FORM 6 – 2011)

| STOCKS, BONDS, MUTUAL FUNDS, MONEY MARKET | | VALUE |
|---|---|---|
| DPRS | $ | 498.00 |
| BALLARD POWER SYSTEMS | $ | 324.00 |
| WALGREEN | $ | 33,060.00 |
| BANK DEPOSIT PROGRAMS | $ | 13,906.00 |
| TOTAL | $ | 47,788.00 |

June 29, 2012

Filing # 143079243 E-Filed 02/01/2022 03:42:18 PM

*Exh. VVV*

*Royal Bank of Canada
is Morgan Stanley's
is JP Morgan*



**HTML - SEC.gov | HOME**

ROYAL BANK OF CANADA and MORGAN STANLEY MUFG
LOAN PARTNERS, LLC AS CO-DOCUMENTATION AGENTS
Dated as of February 10, 2021 ... Barclays Bank PLC, Citibank,
N.A., JPMorgan Chase Bank, N.A., RBC Capital Markets and
Morgan Stanley MUFG Loan Partners, LLC (acting through
Morgan Stanley Senior Funding, Inc. and MUFG Bank, Ltd.)

**Royal Bank of Canada announces NVCC
subordinated debenture ...**

Royal Bank of Canada (TSX: RY) (NYSE: RY) today announced
an offering of $3 billion of non-viability contingent capital
(NVCC) subordinated debentures ("the Notes") through its
Canadian Medium ...

**Morgan Stanley (NYSE:MS) Shares Sold by
Ausdal Financial ...**

Finally, Royal Bank of Canada downgraded Morgan Stanley
from an "outperform" rating to a "sector perform" rating and
set a $97.00 target price on the stock in a research report on
Friday ...

**Canada's RBC turns heads in U.S. with wealth
management ...**

That compared with a 1% increase at Bank of America Corp's
wealth unit to $2.9 trillion and a 3.5% jump at Morgan Stanley
to $2.7 trillion, the firms with the biggest wealth management
units.

**Brazil _____ Royal**

*Exh+2*

4.    The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE County, Florida, regarding the below-described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby directed to record this Order to reflect same.

5.    The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set aside and shall be of no further force or effect.

6.    The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of _____, 2010.

**JUN 2 3 2010**

VALERIE R. MANNO SCHURR
Circuit Court Judge

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV—sbiven



# FORM 6 FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS

2008

COMMISSION ON ETHICS
DATE RECEIVED

JUN 2 6 2009

Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthouse Rm 1105
73 W Flagler St
Miami, FL 33130-1731

**PROCESSED**

FOR OFFICE
USE ONLY:

ID Code
ID No          210380
Conf. Code
P. Req. Code

Manno Schurr , Valerie R.

IF THIS IS A FILING BY A CANDIDATE ☐

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date. [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of _December 31_, 20_08_ was $ _2,800,357.00._

## PART B — ASSETS

HOUSEHOLD GOODS AND PERSONAL EFFECTS:
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ _150,000.00_

ASSETS INDIVIDUALLY VALUED AT OVER $1,000:

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (former Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz 350 ML | $25,000.00 |

## PART C — LIABILITIES

LIABILITIES IN EXCESS OF $1,000:

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (former Residence) P.O. Box 900179, Louisville, Ky. | 91,438.00 |
| GMAC Mortgage (Residence) (1st + 2nd Mortgages) P.O. Box 4622, Waterloo, Ia | 995,000.00 |
| Wells Fargo Home Mortgage (Vail property) P.O. Box 650769, Dallas, Tx | 100,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579, Columbus, Ohio 43218-2579 | 9,205.00 |

JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |

PAGE 1

CE FORM 6 - Eff. 1/2009                                    (Continued on reverse side)

*Exh. EE*

# FORM 6   FULL AND PUBLIC DISCLOSURE OF   2009
## FINANCIAL INTERESTS

COMMISSION ON ETHICS
DATE RECEIVED

FOR OFFICE
USE ONLY:

JUN 2 5 2010

**PROCESSED**

ll
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
73 W FLAGLER ST DADE COUNTY COURTHOSUE RM
1105
MIAMI, FL  33130

ID Code

ID No.          210380

Conf. Code

P. Req. Code

Manno Schurr , Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2009, or a more current date [Note  Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of ~~December 31~~, 20~~09~~ was $ 3,351,652.00

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry, collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $  150,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
| --- | --- |
| Residence in Miami-Dade County (increase) | 2,800,000.00 |
| Vail Colorado Condominium/Eagle County | 250,000.00 |
| Bank Accts, Pension, Brokerage Accout, Wachovia/Bank of America-Fidelity | 650,000.00 |
| Deferred Comp Plan | 64,000.00 |

## PART C — LIABILITIES

| **LIABILITIES IN EXCESS OF $1,000:** NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
| --- | --- |
| Gmac Credit Line / P.O. Box 4622 Waterloo, I A | 410,000.00 |
| Wells Fargo P.O. Box/11 Box 650769, Dallas Tx | 128,000.00 |
| Chase Financial Group / P.O. Box 78067, Phoenix AZ 28062 | 24,350.00 |

| JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE: NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
| --- | --- |
| None — | |

CE FORM 6 - Eff 1/2010          (Continued on reverse side)          PAGE 1

ExhEEL

American _____ based in _____, and incorporated in _____. It is the parent company of **U.S. Bank** National Association, which is the 5th largest bank _____. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 _____ and 4,842 _____, primarily in the Midwestern _____, and has approximately 72,400 employees. The company also owns _____, a processor of credit card transactions. U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter **#24**, granted in 1863 following the passage of the _____. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to **#2**. The oldest national charter, originally granted to the _____ Philadelphia, is held by _____, which it obtained upon its merger with _____

**U.S. Bancorp**

**usbancorp**

U.S. Bank

Exh. F

3
ORDE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
            Plaintiff,

                          CASE NO.        2007-12407-CA
vs.                       DIVISION        32

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION;  CITY
OF NORTH MIAMI;
            Defendant(s).

SPACE FOR RECORDING ONLY F.S.§695.26

2010 JUN 25  PH 3:    RECORD

_____

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff,  pursuant

to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.        The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to

bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.        All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS;

FRANKLIN CREDIT MANAGEMENT CORPORATION;  CITY OF NORTH MIAMI;   are hereby  dismissed.

3.        Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010502



Exh. F3

IN THE CIRCUIT COURT OF THE
11™ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-cal

April 1, 2010

US Bank, N.A.
Plaintiff(s)

Vs.

Leroy Williams
Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11, 2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11, 2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 2010          APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC-Allpaches

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original filed in this office. _____ AD 20 21
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____

MONA BRUNO #79606

Loan No: ▇▇▇▇▇

Mortgagee: LEROY WILLIAMS

Address:   15020 SOUTH RIVER DRIVE
           MIAMI, FL 33167

Loan Amount:$ 448,000.00

# ALLONGE TO NOTE

PAY TO THE ORDER OF:

**RESIDENTIAL FUNDING CORPORATION**

WITHOUT RECOURSE

Assistant Secretary
Axiom Financial Services

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation
By: Judy Faber
Judy Faber, Vice President

MIN # 100176105062733202

WILLIAMS

AHL 620017.UFF

Page 1 of 1

STATE OF FLORIDA, COUNTY OF DADE
HEREBY CERTIFY that the foregoing is a true and
correct copy of the original as filed in this office
November 18          AD 20 21
HARVEY RUVIN, CLERK of Circuit and County Courts
Deputy Clerk    s/ Wilfred Clark e321263
                                        28465378

Exh. N

10:34

5G

🔒 bing.com

Homecomings Financial is owned by **GMAC-RFC**, an international financial services corporation which earns major profits each year, such as $2.9 billion in 2004. Register your Homecomings Financial Network Complaint

Homecomings Financial Network - Big...
www.bigclassaction.com/lawsuit/homecomings_fin...

Feedback

PEOPLE ALSO ASK

Where is the homecomings financial mortgage company located?          ⌄

When did homecomings financial go out of business?          ⌄

Is there a GMAC Bank that accepts mortgages?          ⌄

Attestation Report - GMAC Mortgage, LLC and Homecomings ...
https://**www.sec.gov**/Archives/edgar/data/138332...

Homecoming is GMAC

We have examined GMAC Mortgage, LLC (the "Company"), for itself and its affiliated servicing participant Homecomings Financial, LLC (both subsidiaries of Residential Capital, LLC), compliance with the servicing criteria set forth in Item 1122(d) ...

HOMECOMINGS FINANCIAL, LLC, a

Exh 60
P91

## AFFIDAVIT OF FACT

**STATE: OHIO**

**COUNTY: FAIRFIELD**

The undersigned, Wesley Jarvis, Trustee for CUSIPONE Trust, hereby states and confirms that he is of legal age and competent to state on belief and personal knowledge that the facts set forth herein, as duly noted below are true, correct, complete and presented in good faith, establish that:

1.   The CUSIP numbers attached for LEROY WILLIAMS, for an account bearing number *100176105062733202*, were searched through independent databases, confirmed with trading desks, and at least one interest was confirmed as per the reports issued and attached as a result.

2.   The Fund Manager, or other custodian(s) of the accounts of the fund(s) may have access to internal records indicating detailed data about the percentage of interest as held for the account of **LEROY WILLIAMS.**

3.   More than one fund may have an interest in the accounts of LEROY WILLIAMS.

FURTHER AFFIANT SAYETH NOT.

Signed and sealed this _3rd_ day of _January_, in the Year of our Lord, two thousand twenty-two (2022).

All Rights Reserved.

For WESLEY JARVIS

_____

Wesley J. Jarvis, Trustee

Page 1 of 2

## JURAT

State of ___Ohio___  )

Subscribed and Affirmed  )

County of ___Fairfield___  )

On ___January 3___, 2022 before me, ___Nia Tancore___ (notary public) personally appeared ~~Walter J. Jarvis~~ [ ] personally known to me or [x] proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to above and acknowledged to me that he executed the same in his authorized capacity.

I now affix my signature and official seal to these affirmations.

_____ (Signature)

Notary Public State of ___Ohio___                    Seal:

My Commission Expires: ___5/10/26___

Page 2 of 2

Exh. PP

## Your CUSIP Results are as follows:

**LEROY WILLIAMS (ACCT 100176105062733202 [MIN])**
**Fidelity Advisor Strategic Real Return Fund**
Symbol:                           FSRAX
CUSIP:                            ▮▮▮▮▮▮▮▮

Inception Date:                  9/7/2005
Net Assets:                      $462,624,000.00 as of
                                 12/3/2021
Portfolio Assets:                $462,624,000.00 as of
                                 12/3/2021

**A little about the Fund:**

Fidelity Strategic Real Return Fund seeks real return consistent with reasonable investment risk by investing in domestic and foreign issuers using a neutral mix of approximately 30% of inflation-protected debt securities, 25% floating-rate loans and 20% REITs and other real estate related investments.



Exh. VV Pg. 2

verification. Upon your written request within thirty (30) days after the receipt of this letter, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Franklin Credit Management Corporation.

Attention Servicemembers and Dependents: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, AND joined after signing the Note and Security Instrument now in default, please notify Franklin Credit Management Corporation immediately. When contacting Franklin Credit Management Corporation as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact David Behler toll-free at 201-604-4503 if you have questions about your rights under SCRA.

For help exploring your options, the Federal government provides contact information for housing counselors, which you can access by contacting the Department of Housing and Urban Development at https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or by calling 1-800-569-4287.

Sincerely,

Franklin Credit Management Corporation
101 HUDSON STREET, 24TH FLOOR
JERSEY CITY, NJ 07302
1-800-650-7162

Wiring Instructions: PNC Bank, N.A 249 Fifth Ave. Pittsburgh, PA 15222 ABA: 031 207 607 Bank Swift Code: PNCCUS33 -required for International payments- Account number: 802 636 1855 Franklin Credit Management Corp - General Depository 101 Hudson Street, 24TH FLOOR/Suite 2500 Jersey City, NJ 07302

CFN 2005R1193500
OR BK 23966 Pgs 3465 - 34825 (18pgs)
RECORDED 11/16/2005 14:44:30
DOC STAMP TAX 5,250.00
INTANG TAX 3,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## Exh. RR pg.1

This Instrument Prepared By:

After Recording Return To:
LANCASTER MORTGAGE BANKERS
20 INDEPENDENCE BLVD
WARREN, NEW JERSEY 07059
Loan Number: 150008387

_____ [Space Above This Line For Recording Data] _____

## MORTGAGE

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated OCTOBER 20, 2005, together with all Riders to this document.

(B) "Borrower" is LEROY WILLIAMS, AN UNMARRIED MAN

Borrower is the mortgagor under this Security Instrument.

(C) "Lender" is LANCASTER MORTGAGE BANKERS

Lender is a LIMITED LIABILITY COMPANY organized and existing under the laws of NEW JERSEY.
Lender's address is 20 INDEPENDENCE BLVD, WARREN, NEW JERSEY 07059

Lender is the mortgagee under this Security Instrument.

(D) "Note" means the promissory note signed by Borrower and dated OCTOBER 20, 2005
The Note states that Borrower owes Lender ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 Dollars (U.S. $1,500,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than NOVEMBER 1, 2035

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                    Page 1 of 18



Exh. RR pg.2

TRANSFER OF RIGHTS IN THE PROPERTY



Exh. RR pg.3

A.P.N. #: 0622280113400

which currently has the address of 1977 NE 119TH ROAD

MIAMI A/K/A NORTH MIAMI                    , Florida        33181
        (City)                                    (Zip Code)

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                    Page 3 of 18



Exh. RR pg.4

until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.

FLORIDA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01
Page 4 of 15



**Exh. RR pg.5**



Book23968/Page3469   CFN#20051193500

Exh. RR pg.6



**Exh. RR pg.7**



Book23966/Page3472    CFN#20051193500          Page 8 of 18

Exh. RR pg.11



Book23966/Page3475   CFN#20051193500

Exh. RR pg.12

to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial





**Exh. RR pg.13**

quiring and sale of the Property. The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other
defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified
in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security
Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender
shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including,
but not limited to, reasonable attorneys' fees and costs of title evidence.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security
Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security
Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted
under Applicable Law.

**24. Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those
awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

**25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding,
claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this
Security Instrument or the Note.

FLORIDA-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                        Page 13 of 18                        DocMagic @Forms 800-649-1362
                                                                          www.docmagic.com



**Exh. RR pg.14**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
-Borrower
**LEROY WILLIAMS**
**1977 NE 119TH ROAD, NORTH**
**MIAMI, FLORIDA 33181**

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Signed, sealed and delivered in the presence of:

_____     _____
michelle Austin-Wilson          Peggy O'Brien

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                    Page 14 of 15              DocMagic eForms www.docmagic.com



**Exh. RR pg.15**

--------- [Space Below This Line For Acknowledgment] ---------

STATE OF FLORIDA
COUNTY OF Broward

The foregoing instrument was acknowledged before me this 20 day of October, 2005 by LEROY WILLIAMS, a single

who is personally known to me or who has produced valid D/L
as identification.                                    (Type of Identification)

Michelle Austin-W.H.
Commission # 2005...
Expires Dec. 2...
Bonded ...
Atlantic Bon...

(Seal)

Signature

Name of Notary

Title

Serial Number, if any

FLORIDA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                          Page 15 of 15                    DocMagic @Fantasy 800-649-1362
www.docmagic.com

Exh. RR pg.16

## Exhibit A

LOT 103, BLOCK 14, SANS SOUCI ESTATES, according to the Plat thereof as recorded in Plat Book 50, Page 86 of the Public Records of Miami-Dade County, Florida

Parcel Identification Number: 0622280113400



Book23966/Page3480 CFN#20051193500

Page 16 of 18

DoubleTimes

Exh. RR pg.17

## PREPAYMENT RIDER

Loan Number: 150008387

Date: OCTOBER 20, 2005

Borrower: LEROY WILLIAMS

THIS PREPAYMENT RIDER (the "Rider") is made this 20th day of OCTOBER 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure repayment of Borrower's promissory note (the "Note") in favor of LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY

("Lender"). The Security Instrument encumbers the Property more specifically described in the Security Instrument and located at

1577 NE 119TH ROAD, MIAMA A/K/A NORTH MIAMI, FLORIDA 33181
*Property Address*

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.   PREPAYMENT CHARGE
The Note provides for the payment of a prepayment charge as follows:

4.   BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note provides for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If the Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is permitted, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

MULTISTATE PREPAYMENT RIDER - SFP          Page 1 of 2
2003



OR BK 23966 PG 3482
LAST PAGE

**Exh. RR pg.18**

If within TWELVE ( 12 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

Notwithstanding the foregoing provisions, I may make a full Prepayment without paying a Prepayment charge in connection with a bona fide and arms-length sale of all or any part of, or any legal or beneficial interest in, the Property within the first 12 months of the term of the Note. The phrase "bona fide and arms-length sale" means a sale in which all of the parties involved in the transaction, including without limitation, the buyer, seller, broker, real estate agent or broker, are independent of one another and unrelated by familial or financial interest. I agree to provide the Note Holder with any and all evidence reasonably requested by the Note Holder to substantiate that the sale of the Property is bona fide and arms-length.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Rider.

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

MULTISTATE PREPAYMENT RIDER - SPP        Page 2 of 2

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office.
November 18 AD 20 21
HARVEY RUVIN, CLERK of Circuit and County Courts.

Deputy Clerk _____
                        Harvey Ruvin, Clerk



28465727

Exh. VV Pg4



**FRANKLINCREDIT**
MANAGEMENT CORPORATION

## Loss Mitigation Options and Eligibility Requirements

As your mortgage loan servicer, we understand that you may be experiencing financial difficulty with making your mortgage payments and would like to discuss your options to make your mortgage payment affordable. We will determine if you qualify based on your financial situation. Please see the workout options and eligibility requirements below for the loan that is the subject of this Notice or filing.

**These may include:**

- **Repayment Plan** – A temporary agreement, which allows for repayment of the unpaid past-due debt along with continued regular mortgage payments. The unpaid past due debt may include principal, interest, fees, and/ or costs incurred by the lender.

  Eligibility Requirements for this option require a portion of the unpaid past due debt as a down payment, with the remainder of the unpaid debt being spread out over a period of months. You will make the additional payment along with your regular monthly mortgage payment. In order to qualify for this option, you must be able to make the required payments as outlined in the plan.

- **Deferment Plan** – A temporary agreement which allows some payments to be suspended until a future date , at which time those payments must be repaid, or arrangements made to repay them over an agreed upon period (usually 3-6 months).

  Eligibility Requirements for this option are determined by the ability to pay, the current value of the home and the hardship suffered. This option is only available for mortgage loans where the property is the borrower's primary residence.

- **Loan Reinstatement** – If you have the financial ability to bring your loan current, your lender/servicer will accept the funds needed to bring the loan current until the day of your foreclosure sale. In addition to the monthly mortgage payment, late charges and other amounts due on your loan obligation you may be required to pay all outstanding attorney's fees and costs of collection.

- **Loan Modification** – A loan modification allows you the option to repay the loan on newly agreed upon terms, which may include lowering the interest rate, placing amounts past due at the end of the loan, and/or extending the term of the loan.

  Eligibility Requirements for a loan modification are determined by the ability to pay (which may require a down payment towards the unpaid past due debt and completion of a trial period plan), the current value of the home and hardship suffered.

1 | Page



**Exh. V V Page 5**



**If you have explored all of the options above and are still unable to continue making your monthly mortgage payment, here are some options to assist you in avoiding foreclosure:**

- **Deed-In-Lieu** – An option that allows you to voluntarily deed your property to the owner of your mortgage in order to avoid foreclosure. In return, you agree to vacate the property on an agreed upon date leaving the property in "broom swept" condition. You must allow the lender/servicer access to inspect your property (which may include the interior of the home) should such a request be made.

    Eligibility Requirements include your inability to pay the debt. Your lender may ask you to complete a financial questionnaire (which may require a hardship letter). In addition, there can be no other liens or judgments against the property other than your mortgage obligation that is currently in default. In other words, title must be "clear and marketable". In some circumstances, your lender may want you to prove that your taxes, insurance, and utilities are current.

- **Short Sale** – This option allows you to avoid foreclosure by selling your property for less than the total amount owed on the account (subject to agreement by your servicer/lender). While the Short Sale releases the lien on the property, it does not necessarily absolve the borrower of any remaining debt. For both senior and junior liens, Franklin Credit Management Corporation reserves the right to pursue the deficiency balance on behalf of its client, where state law allows.

    In order to be eligible you must no longer be able to maintain the mortgage payments, and you must demonstrate that the current property value is below your current indebtedness. The lender may ask you to complete a financial questionnaire (which may require a hardship letter) in order to evaluate your ability to pay the debt. The property must have been listed with a real estate agent. You must also have a buyer willing to purchase the property for the current fair market value. You must provide a Real Estate Purchase Agreement (with no contingencies), Estimated Settlement Statement and Listing Agreement to the servicer for review. If requested, you must allow the lender/servicer access to appraise/value your property.

- **Settlement** - This option allows you to avoid foreclosure by settling the debt for less than the total amount owed on the account (subject to agreement by your servicer/lender), and also resulting in the release of the servicer/lender's lien on your home.

    Eligibility Requirements include your inability to pay the debt. You may be required to complete a financial questionnaire (which may require a hardship letter), provide proof of income, a copy of your financials, a payoff letter from the any other mortgages on the property, and may need to provide other documents required to establish your eligibility. All settlement agreements are also subject to client approval.

**You must take the first step by contacting us, at 1-800-650-7162, Monday through Friday, 8:00am – 5:00pm ET. You may also write to us at 101 Hudson Street, 24th Floor, Jersey City, NJ 07302 or email us at documents@franklincredit.com . Be sure to include your name and loan number in your correspondence.**

Please be advised that this letter does not constitute a commitment to approve any workout plan.

2 | Page



**Exh. VV Page 1**

Sent Via First-Class Mail®

11/17/2021

**LEROY A WILLIAMS**
15020 S RIVER DR
MIAMI, FL 33167-1035

Loan Number:   0001920274
Property Address:   15020 S RIVER DR
                    MIAMI, FL 33167-1035

Dear LEROY A WILLIAMS:

If, in the previous, your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.

This is a legally required notice. We are sending this notice to you because you are behind on your mortgage payment. We want to notify you of possible ways to avoid losing your home. We have a right to invoke foreclosure based on the terms of your mortgage contract. Please read this letter carefully.

Your payment to Franklin Credit Management Corporation, the Servicer of the above-referenced loan acting on behalf of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1, is currently delinquent. If you are unable to bring your account current, Franklin Credit Management Corporation offers loss mitigation programs designed to help resolve delinquencies and avoid foreclosure.  These services are provided without cost to our customers.

Call us today to learn more about your options and instructions for how to apply.

David Behler
101 HUDSON STREET, 24TH FLOOR
JERSEY CITY, NJ 07302
201-604-4503
Monday through Friday 8:00 AM - 5:00 PM ET

For more information, visit www.franklincredit.com or email us at Documents@franklincredit.com.

If you need help, enclosed are application instructions and a list of loss mitigation programs for which you may be eligible (most are subject to lender approval).

**Franklin Credit Management Corporation is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or

2365265545

Exh. SS

City National
is Wells Fargo



8:14

🔒 dosisdashge.com

https://www.thestar.com › business › opinion › 2022 › 9
**Banking: BMO vs. Wells Fargo**
Jan 1, 2022 - The acquisition will add nearly 1.8 million customers and 500 branches to BMO's portfolio, and puts it head-to-head with Wells Fargo and RBC-owned City National, which are both domiciled in ...

https://www.bankwest.com › south-dakota › sioux-falls-b
**Wells Fargo Bank NATIONAL CITY - HIGHLAND BRANCH, National ...**
All Locations | Locations by State/City | Zip Code Search. Wells Fargo Bank NATIONAL CITY - HIGHLAND BRANCH Branch Address: 1199 Highland Avenue, National City, CA 91950. NATIONAL CITY - HIGHLAND BRANCH (FDIC #7364523) is one of domestic offices of Wells Fargo Bank in National City. It was established in 1985-01-01, serving as a Full Service Brick and Mortar Office, located at 1199 Highland

https://www.bankwest.com › nevada › las-vegas-banks
**Wells Fargo National Bank West Locations By State City**
This page provides information about Locations By State City Wells Fargo National Bank West Locations By State City Wells Fargo National Bank West Locations By State City of Wells Fargo National Bank West Wells Fargo National Bank West Locations By State City Email: admin@bankwest.com. Top Search Banks. Bank Of America.

https://www.wellsfargo.com
**Wells Fargo - Banking, Credit Cards, Loans, Mortgages & More**
Investment products and services are offered through Wells Fargo Advisors. Wells Fargo Advisors is a trade name used by Wells Fargo Clearing Services, LLC (WFCS) and Wells Fargo Advisors Financial Network, LLC, Members SIPC, separate registered broker-dealers and non-bank affiliates of Wells



3/7/2014

*DOCKET #1*

*EXHIBIT*

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

🛒 0 item(s) in Basket

Home    Online Services    About us    Contact us

# HARVEY RUVIN
## CLERK of the COURTS
### MIAMI-DADE COUNTY, FLORIDA

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS

**ALL PARTIES**
**US BANK (NA) vs WILLIAMS, LEROY**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

START A NEW SEARCH

Case Number (LOCAL): 2007-12407-CA-01    Dockets Retrieved: 48    Filing Date: 04/26/2007
Case Number (STATE): 13-2007-CA-012407-0000-01     Judicial Section: 32

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 04/07/2011 | | LETTER OF CORRESPONDENCE | FROM MACK L WELLS |
| 11/04/2010 | | NO FURTHER JUDICIAL ACTION | ORDER FILED IN CASE # 00-8186 CA01 AND IN SHARE DRIVE |
| 10/14/2010 | | MOTION: | TO VACATE LAST ORDER & RETAIN ORIG.ORDER |
| 09/28/2010 | | MOTION TO VACATE DISMISSAL | |
| 08/06/2010 | | TEXT | RETD ORIGINAL NOTE AND MORTGAGE. |
| 08/25/2010 | 27343 / 949 Pages: 3 | COURT ORDER | BK:27343 PG:0949 VACATING, DISMISSING,CXL SALE,RELEASE LIS PENDENS, ETC.. |
| 08/20/2010 | | MOTION: | ATY:00071675 R: 5058 TO DISMISS CASE,CANCEL FORECLOSURE SALE,ETC. |
| 08/18/2010 | | FINAL DISPOSITION DOCUMENT | |
| 04/07/2010 | 27244 / 4193 Pages: 1 | COURT ORDER | BK:27244 PG:4193 OF DISMISSAL |
| 04/07/2009 | *Judge Zabel Dismissal* | TEXT *with Prejudice* | DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE |
| 09/09/2008 | | OBJECTION: | TO WRITTEN DISCOVERY,MTN TO STRIKE OR,...ETC |
| 09/09/2008 | | NOTICE: | THAT PLTFF HAS RESPONDED TO DEFENDANT,...ETC |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION |
| 09/17/2007 | 25944 / 542 Pages: 2 | COURT ORDER | BK:25944 PG:0542 CANCELING FORECLOSURE SALE |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE : |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE :08/31/2007 |
| 09/12/2007 | | MOTION: | TO CANCEL FORECLOSURE SALE |
| 08/10/2007 | | MOTION: | ATY:88888888 R: 145184 SET ASIDE FJUD AND RECONSIDER STAY |

3/7/2014

FXn (2

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

| Date | Case/Pages | Type | Description |
|---|---|---|---|
| 09/10/2007 | | TEXT | $50 FEE PD/RCPT 145184 |
| 08/30/2007 | | NOTICE OF SALE | |
| 08/24/2007 | | TEXT | WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN |
| 08/14/2007 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/13/2007 | | NOTICE OF FILING: | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| 08/13/2007 | | NOTICE OF FILING: | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| 08/13/2007 | | TEXT | FINAL DISPOSITION FORM |
| 08/13/2007 | | TEXT | SALE DATE 09-14-2007 |
| 08/09/2007 | 25872 / 4163 Pages 6 | FINAL JUDGMENT | J $ 491500.11 BK:25872 PG:4163 DN01 DN02 DN03 DN04 |
| 07/26/2007 | | DEFAULT | DN03 |
| 07/26/2007 | | NOTICE OF DEFAULT NOT ENTERED | DN01 DN02 E |
| 07/19/2007 | | NOTICE OF HEARING | MOTIONS 08/09/2007 10:00 AM |
| 07/19/2007 | | MOTION FOR DEFAULT | |
| 07/19/2007 | | MOTION FOR SUMMARY JUDGMENT | |
| 07/19/2007 | | NON-MILITARY AFFIDAVIT | |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/23/2007 DN02 |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/12/2007 DN01 |
| 06/12/2007 | | TEXT | SUMMONS RTD NON-SERVED UNK SPOUSE OF WILLIAMS |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 118 P 05/02/2007 DN03 |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | SERVICE RETURNED | SERVICE RTD SERVED TENANT |
| 06/08/2007 | | TEXT | BADGE # 1300 P 05/01/2007 DN04 |
| 06/08/2007 | | TEXT | OPPOS. TO PLNFS MORT.FORECLOSURE COMPLT ETC. |
| 05/23/2007 | | ANSWER | WRITTEN REQU.FORMAL PROTEST.&DISPUTE ETC. |
| 04/30/2007 | 25576 / 1873 Pages 1 | LIS PENDENS | ATTORNEY:00314021 DN04 BK:25576 PG:1873 |
| 04/26/2007 | | COMPLAINT | |
| 04/26/2007 | | CIVIL COVER | |
| 04/26/2007 | | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |

BACK TO SEARCH RESULTS      ALL PARTIES      START A NEW SEARCH

S0142977



xc://web2.miami-dadeclerk.com/civil/Search.aspx

*Exh. TT.*

**WIKIPEDIA**    🔍 Search Wikipedia

# U.S. Bancorp

Article   Talk

文A Language                                                                    ☆ Watch   ✎ Edit

"US Bank" redirects here. For other uses, see Bank of the United States.

**U.S. Bancorp** (stylized as us bancorp) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware.[4] It is the parent company of U.S. Bank National Association, and is the fifth largest banking institution in the United States.[5] The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States.[2] It is ranked 117th on the Fortune 500,[6] and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.[7]

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.[8]

*US BANK is US BANCORP which is WellsFargo and is Wachovia*

**U.S. Bancorp**





≡ Contents

∧ History

The U.S. Bank name first appeared as United States National Bank of Portland, established in Portland, Oregon, in 1891.[9] In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name.[9] It changed its name to the United States National Bank of Oregon in 1964.[9]

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis.[9] In 1929, that bank merged with First National Bank of St. Paul [illegible] in 1954) and several smaller Upper Midwest banks to form the First Bank

Exh. UU



5:59

🔒 nbcnews.com

NEWS

Wachovia apologizes to black
Americans

Two predecessor banks of Wachovia Corp. owned
slaves before the Civil War, the nation's fourth largest
bank said Wednesday as it made an apology to black
Americans.

"We are deeply saddened by these findings,"
Wachovia chairman Ken Thompson said in a
statement. The Charlotte-based company said it
contracted earlier this year with The History Factory,
a historical research firm, to investigate the
prede████████████████████████████
beco████████████████████████████

Exh. VVV

Royal Bank of Canada
is MORGAN Stanley &
is JP MORGAN



9:56   duckduckgo.com

https://www.sec.gov · Archives · edgar · data · 1053350
**HTML - SEC.gov | HOME**
ROYAL BANK OF CANADA  and MORGAN STANLEY MUFG
LOAN PARTNERS, LLC  AS CO-DOCUMENTATION AGENTS
Dated as of February 10, 2021 ... Barclays Bank PLC, Citibank,
N.A., JPMorgan Chase Bank, N.A., RBC Capital Markets and
Morgan Stanley MUFG Loan Partners, LLC (acting through
Morgan Stanley Senior Funding, Inc and MUFG Bank, Ltd.)

https://finance.yahoo.com · news · royal-bank-canada
**Royal Bank of Canada announces NVCC
subordinated debenture ...**
Royal Bank of Canada (TSX: RY) (NYSE: RY) today announced
an offering of $1 billion of non-viability contingent capital
(NVCC) subordinated debentures ("the Notes") through its
Canadian Medium ...

https://etfdailynews.com · news · morgan-stanley-nyse
**Morgan Stanley (NYSE:MS) Shares Sold by
Ausdal Financial ...**
Finally, Royal Bank of Canada downgraded Morgan Stanley
from an "outperform" rating to a "sector perform" rating and
set a $99700 target price on the stock in a research report on
Friday ...

https://www.reuters.com · article · us-rbc-wealth-idUSK
**Canada's RBC turns heads in U.S. with wealth
management ...**
That compared with a 7% increase at Bank of America Corp's
wealth unit to $2.5 trillion and a 3.5% jump at Morgan Stanley
to $2.7 trillion, the firms with the biggest wealth management
units.

https://...
**Brazil w...                              ... Royal**

*Exh. W*

*JP MORGAN is US BANCORP*

6:39

🔒 duckduckgo.com

W https://en.wikipedia.org › wiki › List_of_bank_mergers...

### List of bank mergers in the United States - Wikipedia

Chemical Bank. JPMorgan Chase: 1993 First Bank System, inc. Colorado National Bank First Bank System, inc. (CNB remained unchanged until after merger with U.S. Bancorp. U.S. Bancorp. 1993 Banc One Corp. Valley National Bank of Arizona; Banc One Corp. JPMorgan Chase: 1993 Bank of Boston Corp. South Shore Bank, Mechanics Bank. First Agricultural

🏦 https://www.jpmorgan.com › commercial-banking › sho...

### Economic Trends to Watch in 2022 | JPMorgan Chase

Strong household balance sheets, depleted inventories and federal infrastructure spending are poised to drive economic demand in 2022. Personal consumption expenditures have risen 12% since 2020, and the ratio of disposable income to household net worth is nearing a record high. Government stimulus, along with the booming equities and real

🌐 https://www.firstam.com › title › commercial

### Commercial Title Insurance | First American

A partner committed to your success. When you work with First American Title, you're backed by a team of commercial experts poised to get your deal across the finish line. We have the industry-leading products, services and expertise you need to close your transactions efficiently — regardless of size, scope or complexity.

🏦 https://www.firstambank.com › en-US › Wealth › Explor...

### IL WI FL Bank Experts - First American Bank | IL Bank | FL ...

Marrose joined First American Bank in 2009 and brings over 15 years of financial service industry experience. Prior to working for First American Bank, Marrose worked for the First National Bank of Chicago and Northern Trust Company.

CFN 2014R0447483
OR Bk 29203 Pgs 2867 - 2868; (2pgs)
RECORDED 06/23/2014 16:03:51
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

When recorded return to: _____

# Quitclaim Deed:

THIS QUITCLAIM DEED, executed this ___18___ day of ___January___, 20_13_

by first party, Grantor, _Edith Anthony Maxie Wright, Larry Williams, James Pettaywhay, Curtis Melton_
whose post office address is _18020 S. River Dr. Miami Fl. 33167_

to second party, Grantee, _Bear Gang Mountain (a tax exempt non-profit Organization_
whose post office address is _18020 S. River Dr. Miami Fl. 33167_

_____

WITNESSETH, That the said first party, for good consideration and for the sum of ─ Ten dollars ─
_____ Dollars ($ _10.00_ )
paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the
said second party forever, all the right, title, interest and claim which the said first party has in and to the following described
parcel of land, and improvements and appurtenances thereto in the County of ___Miami-Dade___
State of _Florida_ to wit:

Legal Description: 3252 41 1.19 Ac PB
44-46 Buccaneer Gardens See E Part 1 Lot
105 Lot Size 100.000 x 575

Folio Number: 30 2123022 1050

© 2004 Socrates Media, LLC

**LAST PAGE**

Assessor's Property Tax Parcel/Account Number(s): _____

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

Signature of Witness: *Clyde McPhatter*

Printed Name of Witness: *Clyde McPhatter*

Signature of First Party: *Hilda William, Mark Velle, Jan Lallaghan, Larry William, Patsie Mernal*

Printed Name of First Party: *Hilda William, Mark Wail, James Lillalahai, Larry William, Curtis McNeal*

Address of Witness: *2220 NE 165 St Miami FL 33160*

2nd Witness *James Barham   1972 NE 118th Rd Miami FL.*
*James Barham*

Prepared: *Clyde Wade 15020 S. Riverdr*
*Miami FL 33167*

State of *Florida*
County of *Miami DADE*   ]ss.

I certify that I know or have satisfactory evidence that *Hilda william, McPhatter* _____ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as _____ (office, trustee, etc.) of _____ (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: *1-20-2013*        Signature: *Tonnie Mitchell*

(Seal or Stamp)                Title: _____

                              My appointment expires: _____

Page 2

*Exh. 105*

Select Year:  2022 ▾  Go

# The 2022 Florida Statutes (including 2022 Special Session A and 2023 Special Session B)

|  Title VI | Chapter 65 | View Entire Chapter |
|---|---|---|
| CIVIL PRACTICE AND PROCEDURE | QUIETING TITLE | |

**65.021   Real estate; removing clouds.**—Chancery courts have jurisdiction of actions brought by any person or corporation, whether in actual possession or not, claiming legal or equitable title to land against any person or corporation not in actual possession, who has, appears to have or claims an adverse legal or equitable estate, interest, or claim therein to determine such estate, interest, or claim and quiet or remove clouds from the title to the land. It is no bar to relief that the title has not been litigated at law or that there is only one litigant to each side of the controversy or that the adverse claim, estate, or interest is void upon its face, or though not void on its face, requires extrinsic evidence to establish its validity.

**History.**—s. 1, ch. 4739, 1899; GS 1950; RGS 3213; s. 1, ch. 10223, 1925; CGL 5005; s. 2, ch. 29737, 1955; s. 20, ch. 67-254.

**Note.**—Former s. 66.11.

Copyright © 1995-2023 The Florida Legislature • Privacy Statement • Contact Us

Exh 106

Select Year: 2022 | Go

# The 2022 Florida Statutes (including 2022 Special Session A and 2023 Special Session B)

| Title VI | Chapter 65 | View Entire Chapter |
|---|---|---|
| CIVIL PRACTICE AND PROCEDURE | QUIETING TITLE | |

**65.041   Real estate; removing clouds; defendants.**—No person not a party to the action is bound by any judgment rendered adverse to his or her interest, but any judgment favorable to the person inures to that person's benefit to the extent of his or her legal or equitable title.

**History.**—s. 2, ch. 10221, 1925; CGL 5007; s. 20, ch. 67-254; s. 345, ch. 95-147.

**Note.**—Former s. 66.13.

Copyright © 1995-2023 The Florida Legislature • Privacy Statement • Contact Us

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2010-61928 CA 01

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR RASC 2005AAHL3,

    Plaintiff,

-vs-

LEROY WILLIAMS, et al.,

    Defendants.

_____/


    Proceedings had and taken place before the
Honorable Veronica Diaz, one of the Judges of said Court,
at the Miami-Dade County Courthouse, 73 West Flagler
Street, Miami, Florida, on Tuesday, the 19th day of
November 2019, commencing at the hour of 10:50 a.m., and
being a Hearing.

Exh. 107

Pg 8

1    never brought the note.  So, I want to, for the

2    record --

3            THE COURT:  But you are not a party to the

4    case.

5            MR. SYMONETTE:  But can I say this one thing,

6    then?  Dr. Lorenzo --

7            THE COURT:  You are not a party to the case.

8            MR. SYMONETTE:  Well, I'll say this again,

9    Dr. Lorenzo Palomares --

10            THE COURT:  So I'm happy to hear from someone

11    who is a party to the case.

12            MR. SYMONETTE:  Yes, ma'am.  I have been a

13    party to the case.  Do you want me to show you --

14            THE COURT:  I don't see you --

15            MR. SYMONETTE:  -- De La O gave me the  --

16            THE COURT:  I don't see your name on the

17    service list, sir, so you are not a party to the

18    case.

19            You are, sir, so good morning.  If you would

20    like to argue your motion, please start.  You have

21    five minutes; you have already taken up four of

22    them.  So, you have about a minute to make your

23    argument.

24            MR. WELLS:  Okay.

25            THE COURT:  So let's hear it.

1        MR. WELLS:  Well, we would like to put the

2   motion in Dr. Lorenzo Palmer --

3        MR. SYMONETTE:  Palomares --

4        MR. WELLS:  -- of Starbucks --

5        MR. SYMONETTE:  -- of Starbuck, P.A.

6        THE COURT:  Okay, sir, you are not a party; I

7   don't need to hear from you.  If you speak again,

8   I'm going to ask you step outside.

9        MR. SYMONETTE:  Okay.

10       MR. WELLS:  Need to set a 15-minute with the

11  new and --

12       MR. SYMONETTE:  New attorney.

13       MR. WELLS:  -- a new attorney, and for judges

14  to give me a time to prove element -- evidentiary

15  hearing, and they never came through with the note.

16       'THE COURT:  So you're requesting a 15-minute

17  special set hearing?

18       MR. WELLS:  Yeah.

19       MR. HURTES:  Your Honor, it's Plaintiff's

20  position that there is no colorable entitlement to,

21  I believe they are requesting an evidentiary

22  hearing.  This motion does mention 1.540(b) and a

23  Motion to Vacate.

24       To give the Court a little bit of background,

25  judgment was entered in this case in 2017, at

1    trial, and this is highly related to this motion.

2    The Judge reserved ruling at the trial and asked

3    the parties to brief a certain issue.  I was not

4    involved in the case at the time.

5         I believe the Judge gave Plaintiff ten days

6    to file this memorandum with the Court and gave

7    Defendants five days to file a response after that

8    was filed.  I believe the Plaintiff needed a two-

9    day extension, so they filed a Motion for Extension

10   of Time.

11        They ultimately filed their memorandum.  I

12   don't believe they filed a response.  The Judge

13   entered judgment.  This issue has already been

14   heard by the Court, and I can present to the Court,

15   there was an emergency hearing previously.  This

16   was after what I'm explaining occurred, and the

17   Judge denied their motion and then rescheduled the

18   foreclosure sale.

19        Subsequent to that, there have been countless

20   appeals, you know, collateral attacks to the

21   judgment, bankruptcies.  I have an order that I

22   just recently got from the Bankruptcy Court,

23   finding that this is just a scheme to hinder and

24   delay foreclosure.  There is nothing else going on

25   here, Your Honor.

Exh. 107

Pg. 11

1        And procedurally, a Motion to Dismiss, at

2   this stage of the litigation, is not proper, so we

3   ask that Your Honor denies the motion.

4        MR. WELLS:  Judge, they have been the ones

5   that have been delaying the process, because they

6   never came up with the note.  And our case was

7   dismissed with prejudice.

8        THE COURT:  Right.  So, unfortunately, the

9   motion that you have filed and are asking the Court

10  to hear today is very untimely.  What you need to

11  do is you need to retain the services of an

12  attorney to be able to represent you properly, and

13  that attorney should file specific motions to

14  vacate, they should file specific appeals, but this

15  Motion to Dismiss at this time is not a timely

16  motion.

17       So, for me to hear this, it's simply going to

18  end up in a denial.

19       MR. SYMONETTE:  Okay.

20       MR. HURTES:  Thank you, Your Honor.  Would

21  you like me to prepare an order?

22       THE COURT:  Please.

23       MR. HURTES:  Thank you.

24       (Thereupon, the proceedings were concluded at

25  11:00 o'clock a.m.)

Exh 105

Pg 12

```
1                    CERTIFICATE OF REPORTER

2    STATE OF FLORIDA

3    COUNTY OF MIAMI-DADE

4

5            I, Aaron Arcella, Reporter, certify that I

6    was authorized to and did report the foregoing

7    proceedings, and that the transcript is a true and

8    correct record of my notes.

9            I further certify that I am not a relative,

10   employee, attorney, or counsel of any of the

11   parties, nor am I a relative or employee of any of

12   the parties' attorneys or counsel connected with

13   the action, nor am I financially interested in the

14   action.

15           Dated this 9th day of December 2019.

16

17

18

19

20

21           _____
             Aaron Arcella, Reporter
22

23

24

25
```

Menu

# 2022 Florida Statutes
## < Back to Statute Search

Title XL    REAL AND PERSONAL PROPERTY

Chapter 702    FORECLOSURE OF MORTGAGES AND STATUTORY LIENS

SECTION 015    Elements of complaint; lost, destroyed, or stolen note affidavit.

702.015 Elements of complaint; lost, destroyed, or stolen note affidavit.—
(1) The Legislature intends that this section expedite the foreclosure process by ensuring initial disclosure of a plaintiff's status and the facts supporting that status, thereby ensuring the availability of documents necessary to the prosecution of the case.
(2) A complaint that seeks to foreclose a mortgage or other lien on residential real property, including individual units of condominiums and cooperatives, designed principally for occupation by from one to four families which secures a promissory note must:
(a) Contain affirmative allegations expressly made by the plaintiff at the time the proceeding is commenced that the plaintiff is the holder of the original note secured by the mortgage; or
(b) Allege with specificity the factual basis by which the plaintiff is a person entitled to enforce the note under s. **673.3011**.
(3) If a plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, the complaint shall describe the authority of the plaintiff and identify, with specificity, the document that grants the plaintiff the authority to act on behalf of the person entitled to enforce the note. This subsection is intended to require initial disclosure of status and pertinent facts and not to modify law regarding standing or real parties in interest. The term "original note" or "original promissory note" means the signed or executed promissory note rather than a copy thereof. The term includes any renewal, replacement, consolidation, or amended and restated note or instrument given in renewal, replacement, or substitution for a previous promissory note. The term also includes a transferable record, as defined by the Uniform Electronic Transaction Act in s. **668.50**(16).
(4) If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all alonges to the note must be attached to the certification. The original note and the alonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.
(5) If the plaintiff seeks to enforce a lost, destroyed, or stolen instrument, an affidavit executed under penalty of perjury must be attached to the complaint. The affidavit must:
(a) Detail a clear chain of all endorsements, transfers, or assignments of the promissory note that is the subject of the action.
(b) Set forth facts showing that the plaintiff is entitled to enforce a lost, destroyed, or stolen instrument pursuant to s. **673.3091**. Adequate protection as required under s. **673.3091**(2) shall be provided before the entry of final judgment.
(c) Include as exhibits to the affidavit such copies of the note and the alonges to the note, audit reports showing receipt of the original note, or other evidence of the acquisition, ownership, and possession of the note as may be available to the plaintiff.
(6) The court may sanction the plaintiff for failure to comply with this section.
(7) This section does not apply to any foreclosure proceeding involving timeshare interests under part III of chapter 721.
History.—s. 3, ch. 2013-137.

Copyright © 2000-2023 State of Florida.

casetext

Sign In    Get a Demo    Free Trial

Search all cases and statutes...                    JX

Statutes, codes, and regulations / Florida Court Rules
/ Florida Rules of Civil ... / Rules / Rule 1.115 - PLEADI...

# Fla. R. Civ. P. 1.115

⬇ Download PDF

As amended through April 28, 2023

Rule 1.115 - PLEADING MORTGAGE FORECLOSURES

(a) **Claim for Relief.** A claim for relief that seeks to foreclose a mortgage or other lien which secures a promissory note on residential real property, including individual units of condominiums and cooperatives designed principally for occupation by one to four families, must:

(1) contain affirmative allegations expressly made by the claimant at the time the proceeding is commenced that the claimant is the holder of the original note secured by the mortgage; or

(2) allege with specificity the factual basis by which the claimant is a person entitled to enforce the note under section 673.3011, Florida Statutes.

(b) **Delegated Claim for Relief.** If a claimant has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, the claim for relief shall describe the authority of the claimant and identify with specificity the document that grants the claimant the authority to act on behalf of the person entitled to enforce the note. The term

substitution for a previous promissory note. The term also includes a transferrable record, as defined by the Uniform Electronic Transaction Act in section 668.50(16), Florida Statutes. **(c) Possession of Original Promissory Note.** If the claimant is in possession of the original promissory note, the claimant must file under penalty of perjury a certification contemporaneously with the filing of the claim for relief for foreclosure that the claimant is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all alonges to the note must be attached to the certification. The original note and the alonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note. **(d) Lost, Destroyed, or Stolen Instrument.** If the claimant seeks to enforce a lost, destroyed, or stolen instrument, an affidavit executed under penalty of perjury must be attached to the claim for relief. The affidavit must:

(1) detail a clear chain of all endorsements, transfers, or assignments of the promissory note that is the subject of the action;

(2) set forth facts showing that the claimant is entitled to enforce a lost, destroyed, or stolen instrument pursuant to section 673.3091, Florida Statutes; and

(3) include as exhibits to the affidavit such copies of the note and the alonges to the note, audit reports showing receipt of the original note, or other evidence of the acquisition, ownership, and possession of the note as may be available to the claimant. Adequate protection as required and identified under sections 673.3091(2) and 702.11(1), Florida Statutes, shall be provided before the entry of final judgment.

# AFFIDAVIT

**I Maurice Symonette Heard The Judge Valerie Manno Schurr Saying in a Court Hearing after she was on the phone in a Zoom call I don't believe you guys signed my name for me. I don't believe that!, I never signed that!**

**MAURICE SYMONETTE**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

X *Fannie Mitchell*
8, 9, 2022

Exh 115
PG 2

# AFFIDAVIT

**I JAMES BUCKMAN Heard The Judge Valerie Manno Schurr Saying in a Court Hearing after she was on the phone in a Zoom call I don't believe you guys signed my name for me. I don't believe that!, I never signed that!**

_____

**JAMES BUCKMAN**

**15020 S. RIVER DR.**

**MIAMI FL. 33167**

X _Tammie Mitchell_
8, 9, 2022

*Exh.!!* *16.1*

## HAND DELIVERED

**2012**

# FORM 6    FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS

Please print or type your name, mailing address, agency name, and position below:

FOR OFFICE USE ONLY:

LAST NAME — FIRST NAME — MIDDLE NAME:
**Garcia, Rene**

MAILING ADDRESS:
**217 East 63rd Street**

COMMISSION ON ETHICS
DATE RECEIVED

**JUN 2 6 2013**

**43980**

| CITY: | ZIP: | COUNTY: |
|---|---|---|
| Hialeah | 33013 | Miami Dade |

NAME OF AGENCY:

NAME OF OFFICE OR POSITION HELD OR SOUGHT:
**State Senate District #38**

CHECK IF THIS IS A FILING BY A CANDIDATE  ☒

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2012, or a more current date. [Note: Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of **December 31**, 20**12** was $ **50,000.00**

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ **15,000.00**

ASSETS INDIVIDUALLY VALUED AT OVER $1,000:

| DESCRIPTION OF ASSET (specific description is required - see instructions page 4) | VALUE OF ASSET |
|---|---|
| Condo - 10610 SW 158 Ct. Unit #105 Miami, FL. 33196 | $100,000.00 |
| House - 4911 Heritage Park Blvd. Tallahassee, FL. 32311 | $150,000.00 |
| Annuity - Northwestern Mutual - 720 E. Wisconsin Ave. | $20,000.00 |
| Checking Account - Chase Bank - 3415 Vision Dr. OH | $6,000.00 |

## PART C — LIABILITIES

LIABILITIES IN EXCESS OF $1,000 (See instructions on page 4):

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| Chase Mortgage - 3415 Vision Dr. OH 43219 | $27,000.00 |
| GMAC Mortgage - 3451 Hammond Ave. IA 50702 | $120,000.00 |
| Sallie Mae Student Loan - P.O. Box 9532 Wilkes Barres PA | $30,000.00 |
| Ally Auto Loan - P.O. Box 380902 Bloomington, MN. 55438 | $11,000.00 |

JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|

## PART D — INCOME

You may *EITHER* (1) file a complete copy of your 2012 federal income tax return, including all W2's, schedules, and attachments, *OR* (2) file a sworn statement identifying each separate source and amount of income which exceeds $1,000, including secondary sources of income, by completing the remainder of Part D. below.

☐   I elect to file a copy of my 2012 federal income tax return and all W2's, schedules, and attachments.
[If you check this box and attach a copy of your 2012 tax return, you need not complete the remainder of Part D.]

| PRIMARY SOURCES OF INCOME (See instructions on page 5):<br>NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| Dade Medical College | 3461 NW 7st Miami, FL 33125 | $114,799.82 |
| State of Florida | 200 E. Gaines St. Tallahassee | $28,706.03 |
| | | |
| | | |

SECONDARY SOURCES OF INCOME (Major customers, clients, etc., of businesses owned by reporting person--see instructions on page 5):

| NAME OF<br>BUSINESS ENTITY | NAME OF MAJOR SOURCES<br>OF BUSINESS' INCOME | ADDRESS<br>OF SOURCE | PRINCIPAL BUSINESS<br>ACTIVITY OF SOURCE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## PART E — INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 6]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | | | |
| ADDRESS OF BUSINESS ENTITY | | | |
| PRINCIPAL BUSINESS ACTIVITY | | | |
| POSITION HELD WITH ENTITY | | | |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | | | |
| NATURE OF MY OWNERSHIP INTEREST | | | |

IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE   ☐

## OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments hereto is true, accurate, and complete.

_____
SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

STATE OF FLORIDA
COUNTY OF _Miami Dade_

Sworn to (or affirmed) and subscribed before me this __24__ day of

_June_ 20 _13_ by _Liliana Oliveros_

_L. Oliveros_
(Signature of Notary Public--State of Florida)

Notary Public State of Florida
Liliana Oliveros
My Commission EE001688

(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known   ✓   OR   Produced Identification _____

Type of Identification Produced _____

FILING INSTRUCTIONS for when and where to file this form are located at the top of page 3.
INSTRUCTIONS on who must file this form and how to fill it out begin on page 3.
OTHER FORMS you may need to file are described on page 6.

| FORM 6 | FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS | 2020 |
|---|---|---|

Please print or type your name, mailing address, agency name, and position below:

FOR OFFICE USE ONLY:

LAST NAME — FIRST NAME — MIDDLE NAME:
Garcia Rene

MAILING ADDRESS:
217 East 103rd Street

Hialeah, FL 33013 Miami-Dade

CITY          ZIP          COUNTY

NAME OF AGENCY:
Miami Dade County

NAME OF OFFICE OR POSITION HELD OR SOUGHT:
Miami Dade County Commissioner, Dst 13

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

PROCESSED

FLORIDA
COMMISSION ON ETHICS
OCT 25 2021
RECEIVED

43980

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2020 or a more current date. [Note: Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of December 31, 20 20 was $ 260,000

## PART B — ASSETS

HOUSEHOLD GOODS AND PERSONAL EFFECTS:
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry, collections of stamps, guns, and numismatic items, art objects, household equipment and furnishings; clothing, other household items, and vehicles for personal use, whether owned or leased.

The aggregate value of my household goods and personal effects (described above) is $ 25,000

ASSETS INDIVIDUALLY VALUED AT OVER $1,000:

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Condo - 1000 Sw 158 G #105 Miami Fl 33196 | 204,800 |
| STIFEL Retirement Act. 561 N. Broadway St #SM | 85,000 |
| Checking Act - Chase 3415 vision Dr. Columbus OH 43104 | 40,000 |
| House - 4911 Heritage Park Blvd. Tallahassee Fl 32311 | 270,400 |

## PART C — LIABILITIES

LIABILITIES IN EXCESS OF $1,000 (See instructions on page 4):

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| Student loan Navient PC Box 9500, Wilkes, PA 18773 | 23,000 |
| Condo - First Bank 1325 N 41st Hialeah, Fl 33012 | 118,000 |

JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| N/A | |

CE FORM 6 - Effective January 1, 2021
Incorporated by reference in Rule 34-8.002(1), F.A.C.

(Continued on reverse side)

PAGE 1

## PART D – INCOME

Identify each separate source and amount of income which exceeded $1 000 during the year, including secondary sources of income. Or attach a complete copy of your 2020 federal income tax return, including all W2s, schedules and attachments. Please redact any social security or account numbers before attaching your returns, as the law requires these documents to be posted to the Commission's website

☐ I elect to file a copy of my 2020 federal income tax return and all W2s, schedules, and attachments.
[If you check this box and attach a copy of your 2020 tax return, you need not complete the remainder of Part D.]

**PRIMARY SOURCES OF INCOME** (See instructions on page 5):

| NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| NCH Partnership | 1490 W 68 Street #201 Hialeah | 180,000 |
| Miami-Dade County | 111 NW 1 Street Miami | 2267 |

**SECONDARY SOURCES OF INCOME** [Major customers, clients, etc. of businesses owned by reporting person –see instructions on page 5]

| NAME OF BUSINESS ENTITY | NAME OF MAJOR SOURCES OF BUSINESS INCOME | ADDRESS OF SOURCE | PRINCIPAL BUSINESS ACTIVITY OF SOURCE |
|---|---|---|---|
| N/A | | | |

## PART E – INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 6]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | N/A | | |
| ADDRESS OF BUSINESS ENTITY | | | |
| PRINCIPAL BUSINESS ACTIVITY | | | |
| POSITION HELD WITH ENTITY | | | |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | | | |
| NATURE OF MY OWNERSHIP INTEREST | | | |

## PART F - TRAINING

This section applies only to officers required to complete annual ethics training pursuant to section 112.3142, F S. [See instructions p. 6]

☐ **I CERTIFY THAT I HAVE COMPLETED THE REQUIRED TRAINING.**

## OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments hereto is true, accurate and complete.

~~signature~~
SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

STATE OF FLORIDA
COUNTY OF MIAMI DADE

Sworn to (or affirmed) and subscribed before me by means of
☑ physical presence or ☐ online notarization, this 30 day of
June 20 21 by Rene Garcia

_(Signature of Notary Public-State of Florida)_

_(Print, Type, or Stamp Commissioned Name of Notary Public_

Personally Known _____ OR Produced Identification _____

Type of Identification Produced _____

If a certified public accountant licensed under Chapter 473, or attorney in good standing with the Florida Bar prepared this form for you, he or she must complete the following statement.

I, _____ prepared the CE Form 6 in accordance with Art. II, Sec. 8, Florida Constitution, Section 112.3144, Florida Statutes, and the instructions to the form. Upon my reasonable knowledge and belief, the disclosure herein is true and correct.

_____
Signature

_____
Date

**Preparation of this form by a CPA or attorney does not relieve the filer of the responsibility to sign the form under oath.**

**IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE** ☐

PAGE 2

CE FORM 6 - Effective January 1, 2021
Incorporated by reference in Rule 34-8.002(1), F.A.C

with a variety of savings products, including no-
penalty certificates of deposits, online savings ...

Exh. 117

https://www.ally.com › ... › History

# History of Ally

To keep factories running smoothly, manufacturers
needed auto dealers to buy vehicles in large quantities.
In 1919, we opened our doors as GMAC, a division ...

| History | 1920s – 30s | 1940s – 50s | 1960s – 70s |

https://www.ally.com

# Ally: Banking, Investing, Home Loans & Auto Finance

(NYSE: ALLY) is a leading digital financial services
company, NMLS ID 3015 . Ally Bank, the company's...

https://en.m.wikipedia.org › wiki

# Ally Financial - Wikipedia

Formerly. GMAC Inc. (1919–2010) : Type. Public

Exh.
118

## FLORIDA DEFAULT LAW GROUP, P.L.
### ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Telephone (813) 251-4766
Telefax (813) 251-1541

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

July 20, 2010

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL  33167

Re:
Loan Number:
Mortgage Servicer                    GMAC MORTGAGE, LLC
Creditor to whom                     U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
the debt is owed:                    RASC 2005AHL3
Property Address:                    15020 SOUTH RIVER DRIVE, MIAMI, FL  33167
Our File No.:                        F10051160

Dear Borrower:

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to represent U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3 with regards to its interests in the promissory Note and Mortgage executed by LEROY WILLIAMS  on June 30, 2005.  Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $661,289.01, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage.    Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage.  Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client.services@defaultlawfl.com.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid.  If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed,

FILE_NUMBER: F10051160                                          HELLOLETTER

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

12:24

🔒 bing.com

EX-10.11 - SEC

https://**www.sec.gov**/Archives/edgar/data/133281...

HOMECOMINGS GMAC MORTGAGE, LLC
1992/05/28 Registered 1792907 : 1993/09/14:
76494788 PREMIER SERVICE GMAC RESIDENTIAL
HOLDING COMPANY, LLC 2003/03/06 Registered
2914178 : 2004/12/28: 78855608 PACIFIC UNION...

## Timothy King, MBA - Licensed Real Estate Salesperson ...

https://www.linkedin.com/in/timothy-king-mba-b21...

Feb 22, 2018 · Homecomings Financial Jul 2001 -
Oct 2008 7 years 4 months. Irvine, CA Sales Leader
CitiFinancial Mortgage Company, Inc. ... Celebrate
Leadership award and the prestigious GMAC ...

Title: Mortgage Broker at Hometown Financial Grou...

Connections: 500+

Location: Buckeye, Arizona, United States

**Some results have been removed**

〈    **2**    〉

 Try the Bing app

Privacy        Legal        Advertise        Ad i    🔍

Feedback

© 2021 Microsoft



EXHIBIT
14b

CFN 2008R0941616
OR Bk 26657 Ps 3525 (1pg)
RECORDED 11/20/2008 09:41:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY F.S.§695.26

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC, ("Assignor") whose address is _____ assigned, transferred and conveyed to: U.S. BANK N.A., ("Assignee") whose address is 1100 Virginia Drive, , Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005  in Official Records Book 23673 at Page 3231 of the public records of MIAMI-DADE County, Florida, encumbering the following-described real property:

LOT 185, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

as the same may have been amended from time to time; together with the Note and indebtedness secured thereby.

MORTGAGOR(S):  LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on _____ , 2008.

Witness
Typed Name  Peggy Hong

Witness
Typed Name  Laurie Riley

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC

By: _____

Typed Name:  SHIRLEY EADS
Title:  VICE PRESIDENT

Attest: _____

Typed Name:  Jeffrey Stephan
Title:  Assistant Secretary

(Affix Corporate Seal)

STATE OF  Pennsylvania
COUNTY OF  Montgomery

BEFORE ME, the undersigned, personally appeared  SHIRLEY EADS
and  Jeffrey Stephan  as  Vice President  and  Assistant Secretary
respectively, and known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they executed the foregoing as in the duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC this  21st  day of  October  , 2008.

Notary Public
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Susan Turner, Notary Public
Hatfield Twp., Montgomery County
My Commission Expires Nov. 8, 2011
Member, Pennsylvania Association of Notaries

Recording requested by, prepared by and return to:
Ralph McCurdy
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F07012148-GMAC MORTGAGE, LLC- 7440182307

FILE_NUMBER: F07012148

**\*F07012148\***

DOC_ID: M001100

**\*M001100\***

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office this November 19  AD 20 21
HARVEY RUVIN, CLERK of Circuit and County Courts.

Deputy Clerk  /s/ Wilfred Clark e323263
28469871



_Exh. /4)_

## Interest Only ADJUSTABLE RATE NOTE

(LIBOR Six-month Index (As Published In
The Wall Street Journal) – Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

June 30, 2005      MIAMI          FL
                       [City]           [State]

15020 SOUTH RIVER DRIVE
MIAMI, FL 33167
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ $448,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Axiom Financial Services. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.125%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will make a payment on the 1st day of every month, beginning on August 1, 2005. Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

MIN # 1001761050062733202      WILLIAMS        Initials: _____
I4TI07E1.UFF              Page 1 of 7           Loan # _____
                                      AM. modified FannieMae 3530 (11/01)

F070131118

HARVEY RUVIN, CLERK

Filing # 65341895 E-Filed 12/13/2017 01:30:51 PM



CURTIS HERBERT
ADMITTED IN FLORIDA

JESSICA J. FAGEN
ADMITTED IN FLORIDA

**BROCK & SCOTT**
PLLC

1501 NW 49TH STREET, SUITE 200
FT. LAUDERDALE, FL 33309
954.618.6955
FAX 954.618.6953

THOMAS E. BROCK
ADMITTED IN NORTH CAROLINA

GREGORY A. SCOTT
ADMITTED IN NORTH CAROLINA

JAMES P. BONNER
ADMITTED IN NORTH CAROLINA

December 12, 2017

The Honorable John Schlesinger
Miami-Dade County Courthouse

Re: U.S. Bank, National Association, as Trustee for RASC 2005AHL3 v. Hoke Williams.

Case No.: 2010-61928-CA-01
File No.: 13-F02868

The Honorable Judge Schlesinger:

    Pursuant to your Honor's instructions from the Non-Jury Trial that took place on November 29, 2017, enclosed please find a copy of Plaintiff's Trial Memorandum.

Thank you for your time, consideration and cooperation in this matter.

Respectfully,

Willnae LaCroix, Esq.
FLCourtDocs@brockandscott.com
(954) 618-6955 x6151

Enclosures

CHARLOTTE, NC 704.643.6002 FAX 704.369.0760 • RALEIGH, NC 919.872.5466 FAX 919.872.5467 • WILMINGTON, NC 910-452-4520 FAX 910-452-7756
WINSTON-SALEM, NC 336.354.1200 FAX 336.354.1205 • COLUMBIA, SC 803.454.3540 FAX 803.454.3541 • FRANKLIN, TN 615.771.5143 FAX 615.771.5895

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3,

GENERAL JURISDICTION DIVISION

Case No. 2010-61928-CA-01

Plaintiff,

vs.

Leroy Williams; The Unknown Spouse of Leroy
Williams; Littlejohn a/k/a James L. Jolin, James;
Unknown Spouse of James Littlejohn AKA James L.
Jolin; Hoke Williams; Unknown Spouse of Hoke
Williams; Mack Wells; Unknown Spouse of Mack
Wells; Curtis McNeil; The Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami (City),

Defendants.

_____/

## PLAINTIFF'S TRIAL MEMORANDUM

Plaintiff, U.S. Bank, National Association, as Trustee for RASC 2005AHL3, by and through the
undersigned counsel, hereby files its Trial Memorandum, pursuant to this Court's Trial Order
dated November 29, 2017 and further states as follows:

**Whether Plaintiff's Prior Foreclosure Case No. 2007-12407-CA-01 was Dismissed
with Prejudice, And Whether there contained an Order Precluding Plaintiff from re-filing
a Foreclosure Action on the subject Note and Mortgage.**

1. Plaintiff's filed this current Foreclosure action on December 06, 2010 on the subject Note
   and Mortgage.

2. On said action, all Defendants were properly served.

3. At the Trial that occurred on November 29, 2017, Defendants, brought forth an allegation
   that the Court on a prior foreclosure action, case No. 2007-12407-CA-01, entered an
   Order Dismissing the Foreclosure Action with Prejudice and precluding Plaintiff from
   filing any other action on the subject Note and Mortgage.

4. Defendants allegation is without merit. Defendants are correct, in that there was a previous foreclosure action filed on April 26, 2007, case No. 2007-12407-CA-01. However, Defendants are incorrect in their allegations that an Order was entered precluding Plaintiff from instituting further Foreclosure action on the subject Note and Mortgage.

5. In respect to Case No. 2007-12407-CA-01, on August 9, 2007, this Court entered Final Judgment in Plaintiff's favor. The sale of the property was scheduled to occur on September 14, 2007. Attached hereto as Exhibit "A" the Final Judgment.

6. The Original Note and Mortgage was filed on August 13, 2007.

7. Subsequent to the entry of the Final Judgment of Foreclosure, a Motion was filed on September 12, 2007, to Cancel the Foreclosure sale that was scheduled for September 17, 2007. An Order was entered on September 17, 2007, canceling the Foreclosure Sale. Attached hereto as Exhibit "B", Order Canceling Sale.

8. After the cancelation of the Foreclosure Sale, Defendant, Mack Wells on August 15, 2008 filed a Motion to Dismiss the action due to Lack of Prosecution. The Court Docket reflects that on September 9, 2008, a Notice was filed by Plaintiff responding to Defendant, Mack Wells Motion to Dismiss for Lack of Prosecution.

9. Nevertheless, on April 07, 2010, this Court entered an Order Dismissing Case No. 2007-12407-CA-01, With Prejudice for Lack of Prosecution. Attached hereto as Exhibit "C", Order Dismissing Case for Lack of Prosecution.

10. The Dismissal that was entered on April 07, 2010, on Case No. 2007-12407-CA-01 was only due to Lack of Prosecution.

11. On June 20, 2010, Plaintiff's counsel the time, filed a Motion to Dismiss the Case, Cancel Foreclosure Sale, Cancel Notice of Lis Pendens, And Setting Aside Final Summary Judgment. On June 25, 2010, this Court entered an Order Granting the Dismissal of the Case. The Order further states that Plaintiff's Action was dismissed Without Prejudice and that Plaintiff retain future rights to bring an action to foreclose the mortgage, which is the subject of the instant action. Attached hereto as Exhibit "D", Order of Dismissal Dated June 25, 2010.

12. On October 14, 2010, a Motion was filed to Vacate the Last Order of Dismissal, entered on June 25, 2010 and retained the initial Dismissal Order entered on April 07, 2010. On

November 4, 2010, the Clerk's docket indicates, "No Further Judicial Action", was needed, as such the Dismissal Order that was entered on June 25, 2010 that dismissed Case No. 2007-12407-CA-01 Without Prejudice and retains, Plaintiff's right to seek further foreclosure action on the same Note and Mortgage remained in effect.

13. The Dismissal with Prejudice Order that was entered on April 4, 2010 that Defendants keep referring too, was no longer in effect, once the Court entered the June 25, 2010 Dismissal Order. That Order took precedent and no other Order of Dismissal is in place for Case No. 2007-12407-CA-01.

14. Defendants, allegation that an Order was entered barring Plaintiff from filing further actions on the same Note and Mortgage because Plaintiff failed to comply with a Request by the Court for Plaintiff to file the Note and Mortgage, is incorrect. It is clear that Defendants misinterpreted what occurred in the prior matter. There exist no Dismissal Order that precludes Plaintiff from filing a new action on the subject Note and Mortgage,

15. Plaintiff properly filed this instant action, as such Defendants allegation has no merits and nothing precludes Plaintiff from proceeding with this subject Foreclosure action.

## Whether Plaintiff's Current Action is Barred by Statute of Limitation:

Defendants allege that Plaintiff's current Foreclosure action is barred by the five (5) year statute of limitation. Defendants allegation is misinterpreting. Defendants allegation is based on a dismissal of a prior action to foreclose the subject Mortgage Loan, Case No. 2007-12407-CA-01, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Prior Foreclosure Action"). While, Defendants are correct that the prior action was dismissed. The prior action was dismissed without prejudice. Furthermore, the Dismissal Order entered on June 25, 2010, in Case No. 2007-12407-CA-01, not only retained Plaintiff's future rights to foreclose on the same Note and Mortgage, Plaintiff also filed this current action well within the (5) year time-frame of both the default of the loan contract which was January 1, 2007 and the

dismissal of the prior action, which was on June 25, 2010. Plaintiff's current Foreclosure action was filed on June 25, 2010.

Defendants allegations incorrectly states that Plaintiff's current foreclosure action is barred.

In *Bartram* v. *U.S. Bank, NA*, 211 So. 3d 1009, 1019 (Fla. 2016), reh'g *denied sub nom. Bartram* v. *U.S. Bank Nat'l Ass'n*, 42 Fla. L. Weekly S326 (Fla. Mar. 16, 2017), the Florida Supreme Court decided the effect of attempted—but not completed—acceleration.[2]   A mortgage is an installment contract, and *Bartram* held that a new cause of action accrues with each default on an installment as it comes due. *Bartram*, 211 So. 3d at 1019; *see also Singleton* v. *Grammar Assocs*, 882 So. 2d 1004, 1008 (Fla. 2004); Isaacs v. *Deutsch*, 80 So. 2d 657 (Fla. 1955). Because Florida has a five-year limitation on the right to seek foreclosure, each missed payment commences a new, five-year period in which the lender may seek to foreclose based on that default.

The borrower in *Bartram argued* that because the lender attempted to accelerate the borrower's loan in the first foreclosure action, all the borrower's future installment obligations collapsed into one, presently due lump sum. Therefore, the borrower argued, the five-year statute of limitations accrued on all the payments at that time, and the lender lost its ability to foreclose after five years.   The critical issue in *Bartram, thus*, was whether the attempted acceleration changed the continuing installment obligation to a one-time lump-sum obligation.

The *Bartram Court* decided that the attempted—but uncompleted—acceleration in the first action does not change the installment nature of a borrower's obligation. *See, e.g., Bartram*, 211 So. 3d at 1022 ("Therefore, the Bank's *attempted* prior acceleration in a foreclosure action that was involuntarily dismissed did not trigger the statute of limitations to bar future foreclosure actions based on separate defaults.") (emphasis added); *see also Singleton*, 882 So. 2d at 1006 (rejecting "the view that an election to accelerate puts all future installment payments in issue.... ", as held by *Staler v. Cherry Hill Developers, Inc., 150* So. 2d 468 (Fla. 2d DCA 1963)); Olympia *Mortgage Corp.* v. *Pugh*, 774 So. 2d 863, 866 (Fla. 4th DCA 2000) ("We disagree that the election to accelerate placed future installments at issue."). Accordingly, it is settled law that borrowers continue to owe monthly payments even after an attempted but incomplete acceleration, and that each monthly default gives rise to a new accrual date for the five-year statute of limitations for foreclosure.

Accordingly, the statute of limitations does not bar this action or any amounts sought in this action, all of which became due within five years of the filing of the Complaint. Thus, Defendants allegation fails and Plaintiff is entitled to proceed with the subject action.

**Whether Plaintiff Had Standing:**

Defendants at Trial argued that Plaintiff lacked Standing to pursue this action, due to an Assignment of Mortgage. If this Court recalls, Plaintiff presented evidence, such as the Original Note containing a specific endorsement to Plaintiff, Plaintiff's MLS report, The Pooling and Servicing's agreement, as well as testimony by Plaintiff's witness that Plaintiff was in possession of the specifically endorsed Original Note, prior to the filing of the subject foreclosure action. The evidence and testimony presented were admitted without objection. Plaintiff at Trial, ask the Court to take Judicial Notice of the Recorded Assignment of Mortgage, but those documents were not Plaintiff's reliance to establish standing.

"In its broadest sense, standing is no more than having, or representing one who has, 'a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Kumar Corp. Nopal Lines, Ltd.* 462 So.2d 1178, 1182 (Fla. 3rd DCA 1985) (quoting *Sierra Club v. Morton,* 405 U.S. 727, 731 (1972)). In a mortgage foreclosure context, "standing is broader than just actual ownership of the beneficial interest in the note." *Mortgage Electronic Registration Systems, Inc. v. Azize,* 965 So.2d 151, 153 (Fla. 2nd DCA 2007).

Florida courts and statutes have long provided for the holder of the note as having standing to seek enforcement of the note. (See generally: *Mortgage Electronic Registration Systems, Inc. v. Azize,* 965 So.2d 151 (Fla. 2nd DCA 2007); *Riggs v. Aurora Loan Services, LLC,* 36 So.3d 932 (Fla. 4th DCA 2010); Section 673.2011, 673.2051(2), 673.3011 and 671.201(21)(a), Fla.Stat.)

The Florida Supreme Court has long recognized that:

"An action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and *that possession by such nominal holder is prima facie sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of mala fides.*" (emphasis added) McCallum *v. Driggs,* 35 Fla. 277, 17 So. 407 (Fla. 1895)

Courts have recently and consistently held: "[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action." *Deutsche Bank Nat'l Trust Co. v. Lippi,* 78 So.3d 81, 84 (Fla. 5th DCA 2012); The Florida Supreme Court has long recognized that:

an action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides.*

*City of Lakeland v. Select Tenures, Inc.*, 176 So. 274, 276-77 (Fla. 1937).

Plaintiff is a holder of the note by virtue of possession. Fla. Stat. § 671.201(21)(a) defines 'holder' as 'The person in possession of a negotiable instrument that is *payable* either *to bearer* or to an identified person that is the person in possession.' Fla. Stat. § 671.201(21)(a) (emphasis added). As a holder of the note, Plaintiff is entitled to enforce it. Fla. Stat. § 673.3011 defines a 'person entitled to enforce' an instrument as '(1) The holder of the instrument.'

Since Plaintiff is in possession of the note, it is a holder and is entitled to enforce the note under the Uniform Commercial Code and *City of Lakeland*, above, 176 So. at 276-77.

Finally, it is indisputable in Florida that 'the mortgage follows the note'. *First National Bank of Quincy v. Guyton*, 72 So. 460 (Fla. 1916); *Johns v. Gillian*, 184 So. 140 (Fla. 1938).

An assignment of mortgage is not required pursuant to the Florida Supreme Court ruling in the controlling authority on this issue in the case of *J.J. Johns v. Sam Gillian*, 134 Fla. 575 (Fla. 1938), "[even] if the note ... secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it.... "See also, *WM Specialty Mortgage, LLC v. Salomon*, 874 So. 2d 680 (Fla. 4th DCA 2004) (upholding a retrospective Assignment of Mortgage which recited that the assignment took place previous to the Assignment document being signed and notarized). Consequently, Defendants allegation as to standing should be stricken and Defendants request for a Directed Verdict should be appropriately denied.

Lastly, Plaintiff introduced into evidence, which was admitted without objection, the Payment History associated with the subject loan. A payment history showing payments received or non-received, is sufficient, to establish that the Plaintiff has the right to enforce the Note and Mortgage. *Peuguero v. Bank of America*, 169 So. 3d 1198 (4th DCA 2015) (The loan payment history admitted into evidence, reflects taxes and other fees associated with the mortgage property in the time prior to the filing of the original complaint is a "...noteworthy factor in

determining standing, as financial institutions are not known to incur expenses on behalf of properties for which they do not hold an interest.")

Further, reasonings, Defendants, request for directed verdict should be denied and Plaintiff's request for entry of Final Judgment in Plaintiff's favor should be granted.

## CONCLUSION:

Plaintiff is entitled to entry of final judgment of foreclosure because it has demonstrated that there was no prior dismissal that barred Plaintiff from filing and proceeding with the subject foreclosure action. Further, Plaintiff has demonstrated its standing as the Holder of the Note, and even as a Non-Holder with the rights to enforce the Note. Plaintiff's position is supported by the evidence that was admitted into evidence at Trial, including the Original Note, Original Mortgage, MLS, Pooling and Servicing, Breach Letter, Payment History, and Judgment Figures, and the corroborated competent testimony of the witness given at trial.

I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on ___December 13___, 2017, to all persons shown on the following service list.

Respectfully submitted,

BROCK & SCOTT, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6151
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com

By _____
Willnae LaCroix, Esq.
Florida Bar No. 54672

## SERVICE LIST

<u>The following persons were served by e-mail:</u>

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

<u>The following persons were served by U.S. mail:</u>

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
proccess
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symonette Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,

    Plaintiff,

<table>
<tr><td>vs.</td><td>CASE NO.</td><td>2007-12407-CA</td></tr>
<tr><td></td><td>DIVISION</td><td>32</td></tr>
</table>



SPACE FOR RECORDING ONLY PA.MLH

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION;  CITY
OF NORTH MIAMI

    Defendant(s).

_____

### FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order No. 06-02)

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Final Judgment on August 09,

2007. Based on the evidence presented and being otherwise fully informed in the premises,

IT IS ADJUDGED that:

1.    The Plaintiff's Motion for Summary Judgment is GRANTED. Service of process has been duly and

regularly obtained over Defendants:  LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT

CORPORATION;  CITY OF NORTH MIAMI;  .

2.    There is due and owing to the Plaintiff the following:

FILE_NUMBER: F07012148

DOC_ID: M002408



PRINCIPAL DUE ON THE NOTE SECURED B
THE MORTGAGE FORECLOSURED:

INTEREST ON THE NOTE AND MORTGAGE
FROM 01/01/07 TO 07/31/07
PER DIEM INTEREST AT 6.125% FROM 07/31
TO 08/09/07

PRE-ACCELERATED LATE CHARGES
THROUGH April 19, 2007
PROPERTY INSPECTIONS                          51.75
TAXES                                      15,681.40
INSURANCE                                   6,650.70
NSF                                            20.00
TITLE SEARCH EXPENSES                         175.00
TITLE EXAMINATION FEE                         150.00
FILING FEE                                    256.00
INVESTIGATION/SERVICE OF PROCESS              340.00
RECORDING FEE                                   6.00
ATTORNEY'S FEE                              1,200.00

**GRAND TOTAL**                           $491,500.11

3.      The total sum referenced in paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4.      Plaintiff, whose address is c/o Echeverria, Codilis & Stawiarski, 9119 Corporate Lake Drive, Suite 300, Tampa, Florida 33634, holds a lien for the total sum specified in paragraph 2 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest, or claim of the Defendants and all persons, corporations, and other entities claiming by, though, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiff's lien encumbers the subject property located in DADE County, Florida and described as:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property Address: 15020 South River Drive, Miami, FL 33167

5.      If the total sum with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this Judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on SEPTEMBER 14, 2007, at 11:00AM, to the highest bidder for cash, except as prescribed in

paragraph 6, at 140 WEST FLAGLER STREET, SUITE 908, MIAMI, FLORIDA, DADE, Florida after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale in the absence of the plaintiff or its representative.

6. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full.

7. If Plaintiff incurs additional expenses subsequent to the entry of this Final Judgment but prior to the sale date specified above, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses.

8. On filing of the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from this date to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

9. On filing of the Certificate of Title, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

10. On filing of the Certificate of Sale, Defendant(s) right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

11. Pursuant to Florida Statutes, Section 45.031:

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO

ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, DADE COUNTY, 73 W. Flagler St.

Room 135, Miami, FL 33130, PHONE: 305-375-5943, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT:

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association - (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc -. Main Office (305)576-0080. TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association - (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc - Main Office (305)576-0080, FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. If Plaintiff is the purchaser, the bid may be assigned without further Order of this Court.

13. The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession and deficiency judgments.

14. The Court finds, based upon Section 702.065(2)(2006), Florida Statutes, the affidavits filed herein, inquiry of counsel for Plaintiff, and upon consideration of the legal services rendered, the complexity of the foreclosure action, the amount of time and labor reasonably expended by lawyers in the community in prosecuting routine mortgage foreclosure actions, Echevarria, Codilis & Stawiarski that the agreement with its client and Florida law, that the fee sought by Echevarria, Codilis & Stawiarski, is reasonable and awards a fee of One thousand, Two hundred and 00/100 Dollars ($1,200.00). For all legal services performed in this uncontested residential foreclosure, Echevarria, Codilis & Stawiarski has agreed to charge, and its client has agreed to pay, a flat rate of One thousand, Two hundred and 00/100 Dollars ($1,200.00). In the event the matter becomes contested, Echevarria, Codilis & Stawiarski has agreed to charge, and its client has agreed to pay, an hourly fee up to $175.00 per hour for services related to the contested issues. In no event does Echevarria, Codilis & Stawiarski seek to recover attorney's fees greater than the amount billed to and paid by its client.

US BANK, N.A. vs. LEROY WILLIAMS, ET AL
CASE NO. 2007-13405-CA
Page 4



DONE AND ORDERED at DADE County, Florida, on this ___9___ day of _August_ 2007.

_____
Circuit Judge

**CONFORMED**

AUG 09 2007

Sarah I. Zabel
Circuit Judge

Copies furnished to all parties:
Echevarria, Codilis & Stawiarski
P.O. Box 25018
Tampa, Florida 33622-5018
All Parties on the attached Service List

F07012148, Case No. 2007-12807-CA, FIDHOMECOMIN-CONV-B-jmndle

**Service List**

LEROY WILLIAMS
15020 South River Drive
Miami, FL 33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St. Suite 105
Tallahassee, FL 32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL 33161

MARK WELLS
15020 South River Drive
Miami, FL 33167

*15020*

## NOTICE OF JUDICIAL SALE BY THE CLERK

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION    CIVIL ACTION NO. 07-12407 SEC. 32

US BANK, N.A.,
Plaintiff(s) / Petitioner(s)
vs.
LEROY WILLIAMS; et al.,
Defendant (s) / Respondent(s)



NOTICE IS HEREBY GIVEN that pursuant to an Order or Final Judgment entered in the above styled cause now pending in said court, that I will sell to the highest and best bidder for cash at 140 West Flagler St., Room 908, in Miami, Dade County, Florida at 11:00 o'clock, A.M. on September 14, 2007 the following described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property Address: 15020 South River Drive, Miami, FL 33167

ANY PERSON CLAIMING AN INTEREST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.

DATED   August 30, 2007

Harvey Ruvin , Clerk

(Circuit Court Seal)
By: Betty Ona, Deputy Clerk

Attorney: Echevarria, Codilis & Stawiarski
         P.O. Box 25018
         Tampa ,Florida ,33622

Published 8/31-9/7





IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,

    Plaintiff,

vs.

LEROY WILLIAMS , et al,

    Defendant(s).

CASE NO.: 2007-12407-CA
DIVISION: 32

### ORDER CANCELING FORECLOSURE SALE

THIS CAUSE came on for consideration pursuant to the Motion to Cancel Foreclosure Sale, filed by Plaintiff in the above-styled cause. The Court, having considered the Motion, and being otherwise fully advised in the premises, it is therefore,

ORDERED AND ADJUDGED as follows:

1.    Plaintiff's Motion to Cancel Foreclosure Sale be and the same is hereby granted.

2.    The foreclosure sale scheduled for September 14, 2007 is hereby canceled.

DONE AND ORDERED in Chambers in DADE County, Florida, this _____ day of _____, 2007.

SARAH I. ZABEL
Circuit Court Judge

Copies furnished to:
Echevarria, Codilis & Stawiarski
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
FL\HOMECOMIN-CONV-B-jrandle-F07012148

FILE_NUMBER: F07012148

DOC_ID: M011002

Bk 25944 Pg 542 CFN 20070935441 09/21/2007 14:57:41 Pg 1 of 2 Mia-Dade Cty, FL

**Service List**

LEROY WILLIAMS
15020 South River Drive
Miami, FL 33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St. Suite 105
Tallahassee, FL 32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL 33161

MARK WELLS
15020 South River Drive
Miami, FL 33167

Bk 25944 Pg 543 CFN 20070935441 09/21/2007 14:57:41 Pg 2 of 2 Mia-Dade Cty, FL

Miami-Dade Official Records - Print Document    Page 1 of 1





IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank, N.A.                                      April 1,2010
    Plaintiff(s)

Vs.

Leroy Williams
    Defendant(s)

ORDER OF DISMISSAL WITH PREJUDICE

    This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
    Accordingly,
    IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 201:        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC-Allparches

Bk 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia-Dade Cty, FL



3
ORDR

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff,

vs.

CASE NO.    2007-12407-CA
DIVISION    32

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI;
Defendant(s).

**FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES**

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.    The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.    All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI; are hereby dismissed.

3.    Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012146

Serial: 13866522
DOC_ID: M010502

Bk 27343 Pg 949 CFN 20100451678 07/06/2010 15:32:32 Pg 1 of 3 Mia-Dade Cty, FL

4.    The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5.    The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.    The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of

_____, 2010.

JUN 2 3 2010

VALERIE R. MANNO SCHURR
Circuit Court Judge

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV—sblvcn

Bk 27343 Pg 950 CFN 20100451678 07/06/2010 15:32:32 Pg 2 of 3 Mia-Dade Cty, FL

**Service List**

LEROY WILLIAMS
15020 South River Drive
Miami, FL 33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St, Suite 105
Tallahassee, FL 32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL 33161

MARK WELLS
15020 South River Drive
Miami, FL 33167

Bk 27343 Pg 951 CFN 20100451678 07/06/2010 15:32:32 Pg 3 of 3 Mia-Dade Cty, FL

EX.150

<DOCUMENT>
<TYPE>424B5
<SEQUENCE>1
<FILENAME>file001.txt
<DESCRIPTION>DEFINITIVE MATERIALS
<TEXT>
<PAGE>

Filed Pursuant to Rule 424B5
Registration File No.: 333-122688

Prospectus Supplement dated November 16, 2005 (To Prospectus dated May 2, 2005)

$488,750,000

**RESIDENTIAL ASSET SECURITIES CORPORATION**
**DEPOSITOR**

**RASC SERIES 2005-AHL3 TRUST**
**ISSUER**

**RESIDENTIAL FUNDING CORPORATION**
**MASTER SERVICER**

**HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,**
**SERIES 2005-AHL3**

OFFERED CERTIFICATES

The trust will consist primarily of a pool of one- to four-family fixed rate and adjustable rate, first lien mortgage loans. The trust will issue three classes of senior certificates, the Class A Certificates, and nine classes of subordinate certificates, the Class M Certificates, that are offered under this prospectus supplement.

CREDIT ENHANCEMENT

Credit enhancement for the offered certificates consists of:

o   excess cash flow and overcollateralization;

o   yield maintenance agreement; and

o   subordination provided to the Class A Certificates by the Class M Certificates, and subordination provided to the Class M Certificates by each class of Class M Certificates with a lower payment priority.

_____

YOU SHOULD CONSIDER CAREFULLY THE RISK FACTORS BEGINNING ON PAGE S-13 IN THIS PROSPECTUS SUPPLEMENT.

_____

NEITHER THE SECURITIES AND EXCHANGE COMMISSION NOR ANY STATE SECURITIES COMMISSION HAS APPROVED OR DISAPPROVED OF THE OFFERED CERTIFICATES OR DETERMINED THAT THIS PROSPECTUS SUPPLEMENT OR THE PROSPECTUS IS ACCURATE OR COMPLETE. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE.

THE ATTORNEY GENERAL OF THE STATE OF NEW YORK HAS NOT PASSED ON OR ENDORSED THE MERITS OF THIS OFFERING. ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL.

The underwriters identified below will offer the offered certificates to the public, at varying prices to be determined at the time of sale. The proceeds to the depositor from the sale of the offered certificates will be approximately 99.74% of the certificate principal balance of the offered certificates, before deducting expenses.

Exh. 151
pg.

| FORM 6 | FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS | 2018 |
|---|---|---|

**Please print or type your name, mailing address, agency name, and position below:**

FOR OFFICE USE ONLY:

14425

LAST NAME — FIRST NAME — MIDDLE NAME:
Bailey, Jennifer D.

MAILING ADDRESS:

73 W. Flagler St., Room 635

| CITY : Miami | ZIP : 33130 | COUNTY : Miami-Dade |
|---|---|---|

NAME OF AGENCY :
Judiciary, 11th Judicial Circuit

NAME OF OFFICE OR POSITION HELD OR SOUGHT :
Circuit Court Judge, Group 28

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

**PROCESSED**

FLORIDA
COMMISSION ON ETHICS

JUN 0 7 2019

RECEIVED

---

## PART A -- NET WORTH

Please enter the value of your net worth as of December 31, 2018 or a more current date.  [Note:  Net worth is not calculated by subtracting your *reported* liabilities from your *reported* assets, so please see the instructions on page 3.]

My net worth as of December 31, 20 18 was $ 1,639,637

---

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**
Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use, whether owned or leased.

The aggregate value of my household goods and personal effects (described above) is $ 150,000

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| 16182 SW 73rd Place, Palmetto Bay, FL | $940,000 |
| | |
| | |
| | |

---

## PART C – LIABILITIES

**LIABILITIES IN EXCESS OF $1,000 (See instructions on page 4):**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| Mortgage, Wells Fargo, P.O. Box 14411 Des Moines, IA 50306 | $222,000 |
| BBT Home Equity Loan, Box 580048, Charlotte, NC | $6033 |
| | |
| | |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |

CE FORM 6 - Effective January 1, 2019
Incorporated by reference in Rule 34-8.002(1), F.A.C.

(Continued on reverse side)

PAGE 1

## PART D – INCOME

Identify each separate source and amount of income which exceeded $1,000 during the year, including secondary sources of income. Or attach a complete copy of your 2018 federal income tax return, including all W2s, schedules, and attachments. Please redact any social security or account numbers before attaching your returns, as the law requires these documents be posted to the Commission's website.

☐ I elect to file a copy of my 2018 federal income tax return and all W2's, schedules, and attachments.
[If you check this box and attach a copy of your 2018 tax return, you need not complete the remainder of Part D.]

**PRIMARY SOURCES OF INCOME (See instructions on page 5):**

| NAME OF SOURCE OF INCOME EXCEEDING $1,000 | ADDRESS OF SOURCE OF INCOME | AMOUNT |
|---|---|---|
| State of Florida | 20 E. Gaines St., Tallahassee, FL 32399 | $160,688 |
| | | |

**SECONDARY SOURCES OF INCOME** [Major customers, clients, etc., of businesses owned by reporting person--see instructions on page 5]:

| NAME OF BUSINESS ENTITY | NAME OF MAJOR SOURCES OF BUSINESS' INCOME | ADDRESS OF SOURCE | PRINCIPAL BUSINESS ACTIVITY OF SOURCE |
|---|---|---|---|
| n/a | | | |

## PART E – INTERESTS IN SPECIFIED BUSINESSES [Instructions on page 6]

| | BUSINESS ENTITY # 1 | BUSINESS ENTITY # 2 | BUSINESS ENTITY # 3 |
|---|---|---|---|
| NAME OF BUSINESS ENTITY | n/a | | |
| ADDRESS OF BUSINESS ENTITY | | | |
| PRINCIPAL BUSINESS ACTIVITY | | | |
| POSITION HELD WITH ENTITY | | | |
| I OWN MORE THAN A 5% INTEREST IN THE BUSINESS | | | |
| NATURE OF MY OWNERSHIP INTEREST | | | |

## PART F - TRAINING

For officers required to complete annual ethics training pursuant to section 112.3142, F.S.

☐ **I CERTIFY THAT I HAVE COMPLETED THE REQUIRED TRAINING.**

## OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed on this form and any attachments thereto is true, accurate, and complete.

*Jennifer D Bailey*
SIGNATURE OF REPORTING OFFICIAL OR CANDIDATE

STATE OF FLORIDA
COUNTY OF Miam. - Dade

Sworn to (or affirmed) and subscribed before me this 5 day of June 20 G by Jennifer D. Bailey

*(signature)*
(Signature of Notary Public–State of Florida)

Linda M. Lalani
(Print, Type, or Stamp Commissioned Name of Notary Public)

LINDA M. LALANI
MY COMMISSION # GG 018141
EXPIRES: December 2, 2020
Bonded Thru Notary Public Underwriters

Personally Known _____ OR  Produced Identification ___✓___
Type of Identification Produced FLD B403XXxx 7710

If a certified public accountant licensed under Chapter 473, or attorney in good standing with the Florida Bar prepared this form for you, he or she must complete the following statement:

I, _____, prepared the CE Form 6 in accordance with Art. II, Sec. 8, Florida Constitution, Section 112.3144, Florida Statutes, and the instructions to the form. Upon my reasonable knowledge and belief, the disclosure herein is true and correct.

_____          _____
Signature                                          Date

**Preparation of this form by a CPA or attorney does not relieve the filer of the responsibility to sign the form under oath.**

IF ANY OF PARTS A THROUGH E ARE CONTINUED ON A SEPARATE SHEET, PLEASE CHECK HERE ☐

PAGE 2

CE FORM 6 - Effective January 1, 2019
Incorporated by reference in Rule 34-8.002(1), F.A.C.

EX. 151 Pg.

14425

PROCESSED

FLORIDA
COMMISSION ON ETHICS

JUN 17 2019

RECEIVED

**Form 6A. Disclosure of Gifts, Expense Reimbursements or Payments, and Waivers of Fees and Charges**

All judicial officers must file with the Florida Commission on Ethics a list of all reportable gifts accepted, and reimbursements or direct payments of expenses, and waivers of fees or charges accepted from sources other than the state or a judicial branch entity as defined in Florida Rule of Judicial Administration 2.420(b)(2), during the preceding calendar year as provided in Canons 5D(5)(a) and 5D(5)(h), Canon 6A(3), and Canon 6B(2) of the Code of Judicial Conduct, by date received, description (including dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived), source's name, and amount for gifts only.

Name: Jennifer D. Bailey          Work Telephone: 305-349-7152

Work Address: 73 W. Flagler St., Room 635          Judicial Office Held: Cir. Ct. Judge

1. Please identify all reportable gifts, bequests, favors, or loans you received during the preceding calendar year, as required by Canons 5D(5)(a), 5D(5)(h), and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION | SOURCE | AMOUNT |
|------|-------------|--------|--------|
|      | n/a         |        | $      |
|      |             |        | $      |
|      |             |        | $      |
|      |             |        | $      |

☐ Check here if continued on separate sheet

2. Please identify all reportable reimbursements or direct payments of expenses, and waivers of fees or charges you received during the preceding calendar year, as required by Canons 6A(3) and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION (Include dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid or waived) | SOURCE |
|------|-------------|--------|
|      | see attached |        |
|      |             |        |
|      |             |        |
|      |             |        |

☑ Check here if continued on separate sheet

**CONTINUE TO PAGE 2 FOR OATH**

Form 6A 3/19
As Amended by SC18-648

Page 1 of 2

*Exh. 151*
*pg4*

## OATH

State of Florida

County of Miami-Dade

I, Jennifer D.Bailey, the public official filing this disclosure statement, being first duly sworn, do depose on oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.

(Signature of Reporting Official)

(Signature of Officer Authorized to Administer Oaths)

My Commission expires_____

LINDA M. LALA'XI
MY COMMISSION # GG 018141
EXPIRES: December 2, 2020
Bonded Thru Notary Public Underwriters

Sworn to and subscribed before me this

_____5_____ day of June, 20 19

*Exh 151*
*Pg.5*

**Reimbursement/Direct Payment Disclosure, 2018      Jennifer D. Bailey**

**Date:** January 17-19, 2018
**Description:  Faculty, National Center for State Courts:  Civil Justice Initiative Implementation Workshop, Phoenix, AZ**
Travel reimbursement or direct payment: airfare/meals/hotel $1096
**Source:**  National Center for State Courts


**Date:**  April 18-20, 2018
**Description:  Board of Advisors Meeting, Institute for the Advancement of the American Legal System:  Denver, Colorado**
Travel reimbursement or direct payment:  airfare/ground transportation/meals/Rebuilding Justice Dinner:  $795
**Source:**  Institute for the Advancement of the American Legal System

**Date:**  April 24-27, 2018
**Description:  Board of Advisors, Institute for Court Management; Board of Directors Meeting, National Center for State Courts Board of Directors Williamsburg, VA**
Travel reimbursement or direct payment including airfare, hotel, transportation registration, meals and events:  $1467.38
**Source:**  National Center for State Courts


**Date:**  May 2-4. 2018
**Description:  Faculty, Southern Civil Justice Summit:  Civil Justice Initiative, Little Rock, AR**
Travel reimbursement or direct payment: airfare, ground transportation, hotel, meals and events                              $791.80
**Source:**  National Center for State Courts/State Justice Institute

**Date:** July 16-22, 2018
**Description:  Board of Directors Meeting, National Center for State Courts Board of Directors Meeting held with Conference of Chief Justices and Conference of State Court Administrators Annual Meeting, Newport, Rhode Island**
Travel reimbursement or direct payment: airfare, ground transportation, hotel, conference registration, meals and events:  $2276.62
**Source:**  National Center for State Courts


**Date:**  August 29-30, 2018
**Description:  IAALS Natural Discovery Disaster Protocols Committee**
Travel reimbursement or direct payment: airfare, ground transportation, meals: $748
**Source:**  Institute for the Advancement of the American Legal System

**Date:  September 27-28, 2018**
**Description:  Public Trust and Confidence in the Judiciary Workshop,**
**Institute for the Advancement of the American Legal System, Denver, CO**
Travel reimbursement or direct payment:  airfare/ground transportation/meals:  $664
**Source:**  Institute for the Advancement of the American Legal System

**Date:**  October 18-19, 2018
**Description:  Board of Advisors Meeting, Institute for the Advancement of the**
**American Legal System:  Denver, Colorado**
Travel reimbursement or direct payment:  airfare/ground transportation/meals:  $861
**Source:**  Institute for the Advancement of the American Legal System

**Date:**  November 13-17, 2018
**Description:  Board of Directors Meeting, National Center for State Courts**
**Board of Directors Meeting held with Conference of Chief Justices and**
**Conference of State Court Administrators Meeting, Washington, D.C.:**  Travel
reimbursement or direct payment including airfare, hotel, conference registration, meals
and Rehnquist Dinner and events:  $2685
**Source:**  National Center for State Courts

**Date:**  November 27-28, 2018
**Description:  NCSC/Tennessee Administrative Office of the Courts Curriculum**
**Development Workshop:  implementation and management of business**
**courts, participant; Nashville, TN** Travel reimbursement or direct payment:
airfare/ground transportation/meals  $621.49
**Source:**  State Justice Institute/Tennessee Administrative Office of the Courts

**Date:**  December 12, 2018
**Description:**  Florida Association of Women Lawyers, Miami Chapter, 35th Annual
Judicial Reception, Miami, Florida:   Complimentary ticket:  $95 advance, $85
government, $150 at door
**Source:**  Florida Association of Women Lawyers, Miami chapter

**Date:**  December 15, 2018
**Description:**  American Board of Trial Advocates Annual Board Investiture and Holiday
Event, Miami, Florida:  complimentary tickets for judge and spouse:  $350
**Source:**  American Board of Trial Advocates, Miami Chapter



**1:22**  ••ıll LTE 93



News    Maps    Images    Books    Shopping

---

 Fintel    ⋮
https://fintel.io › us › usb › blackrock

# BlackRock Inc. ownership in USB / U.S. Bancorp. - 13F, 13D, 13G Filings

**(US:USB). This represents 6.6 percent ownership of the company. In their previous filing dated 2022-02-01 , BlackRock Inc. had reporte...**

**Missing:** ~~Deutsche~~ | **Must include: Deutsche**

---

https://fintel.io › us › blackrock    ⋮

# BlackRock Inc. ownership in DB / Deutsche Bank AG - Registered Shares

**2021-01-29 - BlackRock Inc. has filed an SC 13G/A form with the Securities and Exchange...**

---

 Yahoo Finance    ⋮
https://finance.yahoo.com › news

# BlackRock's Laurence D. Fink to Present at the 2023 Deutsche Bank Global Financial ...

**May 17, 2023 — NEW YORK, May 17, 2023--BlackRock, Inc. (NYSE:BLK) today announced that Laurence D. Fink, Chairman and Chief...**

**2:04**  ...ıll 5G 91



News   Images   Reddit   Videos   Maps

---

● **Business Wire**
https://www.businesswire.com › home                    ⋮

## J.P. Morgan Selected by BlackRock as Custodian for Over $1 Trillion of Assets

Jan 25, 2017 — J.P. Morgan's Corporate & Investment Bank today announced that it has been selected by BlackRock, a global leader in...



---

● **Banking Dive**
www.bankingdive.com                    ⋮

## Oklahoma restricts BlackRock, JPMorgan, BofA, Wells, State Street

May 8, 2023 — BlackRock, the world's largest asset manager, has found itself a common target in the ESG fight. Oklahoma's list shows State...



---

● **J.P. Morgan & Co.**
https://am.jpmorgan.com › adv › bios                    ⋮

## Jennifer Wu | J.P. Morgan Asset Management

Prior to joining J.P. Morgan, Jennifer was responsible for leading the effort of creating innovative investment solutions and analytics a...



---

(in) **LinkedIn**
https://www.linkedin.com › hope-m...                    ⋮

3:58    ..ıll LTE 36⁄

txh 164

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO. 10-61925 CA 01

US Bank NA

Plaintiff(s)

Mack-wells, Levoy williams,
et al

Defendant(s)

ORDER
UPON REHEARING BY
PLAINTIFFS/DEFENDANTS

THIS CAUSE having come on to be heard on Emergency

Motion to vacate Sale &
Emergency hearing to Request for time to Respond

and the Court having heard argument of counsel and being otherwise duly advised in the premises, it is hereupon

ORDERED AND ADJUDGED for said Motion be set for sound study

① Defendants Motion is hereby deferred
to a hearing on January 17, 2018
at 8:30 AM

② Defendants shall submit a response to
Plaintiffs memorandum of law within 5 days
12/13/17                              10

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ___

day of
January                    , 2018

CIRCUIT COURT JUDGE
Hon. Miguel de la O

Miguel M. de la O
CIRCUIT COURT JUDGE

Copies furnished to Counsel of Record

Exh. 169

| 18 | Order: | 11/29/2017 | Event | ON RESERVING RULING ON NON-JURY FORECLOSURE TRIAL HELD ON NOVEMBER 29TH, 2017 |
| 17 | Non Jury Trial Minutes | 11/29/2017 | Event | NOVEMBER 29TH, 2017 |
| | N/J Trials | 11/29/2017 | Hearing | |
| 16 | Motion: | 11/27/2017 | Event | TO ALLOW CAMERAS IN THE COURT HEARING |
| 15 | Motion: | 11/27/2017 | Event | TO ALOW CAMERAS IN THE COURT HEARING |
| 14 | Motion to Dismiss | 11/17/2017 | Event | Parties: Wells Mack |
| 13 | Motion: | 11/17/2017 | Event | FOR DISMISSAL HEARING |

3:44   ..Il LTE 31



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO:

2010-61988-CA-01

US Bank National Association

Plaintiff,

vs.

ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S

Defendant(s)

Leroy Williams, et al.

THIS CAUSE having come on to be heard
on Plaintiff's/Defendant's Motion

Non - Jury

Trial

and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

This Court at the conclusion of
Trial, Defer ruling, pending further
briefing on Defendant's Motion for
Directed Verdict regarding Plaintiff's ability
to proceed with the current action - that
to a dismissal of a prior suit. Plaintiff has
10 days from the date of this Order to file their memo
DONE AND ORDERED in Chambers at Miami-Dade County, Florida this
except Plaintiff 5 days from Plaintiff filing memo to respond,
and Ct. will then either issue a final ruling or set
matter for further
hearing

APR 2 4 2017

CIRCUIT COURT JUDGE

Jose Rodriguez
Circuit Court Judge

Copies furnished to: Clerk and of Record

```
1    IN THE CIRCUIT COURT OF THE
     ELEVENTH JUDICIAL CIRCUIT IN AND
2    FOR MIAMI-DADE COUNTY, FLORIDA

3    CASE NO. 2021-CA-910826

4    MAURICE SYMONETTE,
     JAMES BUCKMAN,
5
                      Plaintiff(s),
6
               v.
7
     U.S. BANK NATIONAL ASSOCIATION
8    FRANKLYN MANAGEMENT CORPORATION,
                      Defendant(s).
9    ----------------------------------------

10

11                          November 16, 2022

12                          9:34 a.m.

13

14   Motion to Reconsider Proceeding, held via Zoom,

15   taken by MADELINE TAVANI, a Notary Public on behalf

16   of the State of New York.

17

18

19

20

21

22

23

24

25
```

1    A P P E A R A N C E S:

2

3    HONORABLE VIVIANNE DEL RIO

4

5    JESSICA WATTS, ESQ., ATTORNEY FOR FRANKLYN CREDIT

6    MANAGEMENT ASSOCIATION

7

8    MAC WELL

9

10   JAMES BUCKMAN, PLAINTIFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MR. WELL:  This is -- we're here with the

2     motion to reconsider reverted Judge's Zaybar's

3     orders of dismissal with prejudice on our case.

4     And we're asking for the -- you, Judge Valerie

5     to recuse yourself for your past judgments

6     and --

7          MR. BUCKMAN:  Excuse me, ma'am, he's --

8     he's sick right now and he can't really talk.

9          I'm the witness, I was his witness to

10    the case but he's -- he's very sick right now.

11    And we might have to take him to the hospital.

12    Like we were supposed to take him already but

13    he's very sick; and this is the guy that's in

14    the -- that's -- that's doing this case.

15         So I can't -- we need to know if we

16    can ask for another date because we gotta get

17    him a lawyer to talk because he can't even talk

18    right now.  He's in a wheelchair and he's sick.

19         MR. WELL:  Yes.  Hello?

20         CLERK:  One second, one second,  The Judge

21    will be right with you.  Okay.

22         THE COURT:  Is the audio working?

23         CLERK:  Yes, Judge.

24         THE COURT:  The one in my -- the one in my

25    office stopped working.

1          CLERK:  Just sit there. Stick this in your

2     ear.

3          THE COURT:  Can you just --

4          MR. WELL:  Did you hear us, Your Honor?

5          CLERK:  They have it like that, Judge.

6          THE COURT:  Okay.  No, but I mean we're --

7          MR. WELL:  Can you hear us, Your Honor?

8          MS. BONINI:  Gentlemen --

9          MR. WELL:  This is my witness, Ms --

10         MS. BONINI:  Gentlemen, one moment please,

11    one moment.  Thank you.

12         MR. WELL:  All right.

13         THE COURT:  All right.  Sorry about that.

14    All right.  This is -- I called the case of

15    U.S. National Bank Association versus Leroy

16    Williams.

17         CLERK:  Excuse me, the judge has --

18         THE COURT:  Can they hear me?

19         CLERK:  Yes.

20         MS. WATTS:  Yes, Judge, we can hear you.

21         MS. BONINI:  Your Honor, we can hear you.

22    Yes, Judge.

23         THE COURT:  Okay great.

24         CLERK:  That's the case that I called and

25    it's the Plaintiff's motion to reset the

1   foreclosure sale.

2         MR. BUCKMAN:  Your Honor, he's very sick.

3   We need -- we need to get him a lawyer because

4   he can't even talk right now.

5         THE COURT:  Who is -- who is he?

6         MR. WELL:  Mac Well.

7         MR. BUCKMAN:  Mac Well.

8         THE COURT:  Okay.  And --

9         MR. WELL:  I'm in a lot of pain right now.

10         THE COURT:  Okay.  And I'm sorry, are you

11   the person who is residing at that residence

12   right now?

13         MR. WELL:  Yes, yes.

14         THE COURT:  Okay.  All right.

15         So you're asking The Court to set the

16   sale out -- you need 60 days, would that --

17   would that be sufficient?

18         MR. WELL:  No.  We're asking -- we're --

19   we're going against the sale because U.S. Bank

20   does not own -- absolutely don't own the note

21   and we just found this out.

22         THE COURT:  Okay.  All right.  Listen,

23   listen, listen.

24         MR. BUCKMAN:  Let me finish first, let me

25   finish.

1          The judge that did that judgment,

2    Valerie Manno Schurr recused herself from that

3    and reverted everything back to the original

4    judge's order, which was Judge Bell who

5    dismissed it with prejudice.  And when she --

6    she said she never even signed that dismissal

7    without prejudice that gives them the right to

8    do the foreclosure.

9          So she didn't sign it, so I got her

10   on video and you can -- I got the video right

11   here where you can hear the judge herself say --

12        THE COURT:  Okay.  I'm -- I'm so sorry, I

13   have to cut you off.

14        I'm in the middle of a trial and

15   today all I'm going to do is I'm going to set a

16   date far in the future to allow you to get

17   representation and to -- if you'd like to bring

18   a motion and have a hearing, we can do that.

19        But -- but right now, is not -- is

20   not, unfortunately, the time to do that.

21        MR. WELL:  Well --

22        THE COURT:  You will be heard, you will be

23   heard, but -- but not right now.  So --

24        MR. BUCKMAN:  But he's here and coherent

25   can you not make a sale date until we get an

1    attorney to represent him?

2         THE COURT:  Yes, that's what I'm going to

3    do.

4         So I'm going to give a (audio

5    disruption) 120 days, which will be March 20th

6    of 2023 and that will give you plenty of time to

7    create a -- to get an attorney and to bring

8    whatever it is that you want to say to The

9    Court, you can do that with your attorney.

10   Okay?

11        MR. BUCKMAN:  All right.  Thank you.

12        THE COURT:  Thank you.

13        All right.  Moving along then.

14        (Whereupon, at 9:40 a.m., the

15   above matter was concluded.)

16

17        I, MADELINE TAVANI, a Notary Public for

18   and within the State of New York, do hereby

19   certify that the above is a correct

20   transcription of my stenographic notes.

21

22   _____

23            MADELINE TAVANI

24

25

Exh, 172

**1:25**  ..ll LTE 67

### What is an "agent of a foreign principal"? 

An "agent of a foreign principal" is any person who acts as an agent, representative, employee, or servant, or otherwise acts at the order, request, or under the direction or control of a "foreign principal" and does any of the following:

- Engages within the United States in political activities, such as intending to influence any U.S. Government official or the American public regarding U.S. domestic or foreign policy or the political or public interests of a foreign government or foreign political party.

- Acts within the United States as a public relations counsel, publicity agent, information service employee, or political consultant.

- Solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value within the United States.

- Represents within the United States the interests of a foreign principal before U.S. Government officials or agencies.



*See* 22 U.S.C. § 611(c); 28 C.F.R. § 5.100.

🔒 justice.gov

**12:34**                    LTE 72



( News )  ( Maps )  ( Images )  ( Books )  ( Videos )  S

■ RAND Corporation                    ⋮
https://www.rand.org › 2012/05 › q...

## Questions After the First U.S. Bank Takeover by a Chinese State-Controlled Company

May 15, 2012 — This transaction prompts many questions. Did or should the Committee on Foreign Investment in the United States play a role in the...

## People also ask                    ⋮

Is U.S. Bank affiliated with China?                    ⌃

Fed Approves First-Ever Chinese Purchase of US Bank

**It is 70 percent owned by the Chinese government through CIC, the country's sovereign wealth fund and Huijin,** a government run entity set up to invest in Chinese financial firms.  May 9, 2012

🐜 https://www.cnbc.com › ...

Fed Clears Way for Chinese Firms to Buy US Banks - CNBC

🔒 Q u.s. bank na a chinese foreign compan

3:52  .il 5G⚡ 72

Home / Finance / Is US bank owned by China?

# Is US bank owned by China?

 👤 **Asked by: Miss Arvilla Sawayn MD** | Last update: February 9, 2022

★★★★★ Score: 4.3/5 (52 votes)

**Fed Approves First-Ever Chinese Purchase of US Bank**

**It is 70 percent owned by the Chinese government** through CIC, the country's sovereign wealth fund and Huijin, a government run entity set up to invest in Chinese financial firms.



AA  🔒 financeband.com  ↻

Exh. 175

3:52  ·Il 5G

Home  /  Finance  /  Is US bank owned by China?

# Is US bank owned by China?

Asked by: **Miss Arvilla Sawayn MD**  |  Last update: February 9, 2022

★★★★★ Score: 4.3/5 (52 votes)

**Fed Approves First-Ever Chinese Purchase of US Bank**. It is 70 percent owned by the Chinese government through CIC, the country's sovereign wealth fund and Hujin, a government run entity set up to invest in Chinese financial firms.



🔒 financeband.com